UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                :

In re                                           :                        Chapter 11 Case No.
                                               :

AMR CORPORATION, *et al.*,              :                        11-15463 (SHL)
                                             :

                    Debtors.            :                        (Jointly Administered)
                                             :
------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §§ 363(b) AND 105(a) AND FED. R. BANKR. P. 9019(a) AUTHORIZING ENTRY INTO COLLECTIVE BARGAINING AGREEMENT, SETTLEMENT LETTER, AND LETTER AGREEMENT WITH THE ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS AND APPROVING CERTAIN <u>COMPROMISES AND SETTLEMENTS IN CONNECTION THEREWITH</u>**

Upon the Motion, dated August 24, 2012 (the "**Motion**"),[1] of AMR Corporation and its related debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 363(b) and 105(a) of title 11, United States Code (the "**Bankruptcy Code**") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing entry into the New CBA, Settlement Letter, and Letter Agreement with the APFA and approving certain compromises and settlements in connection therewith, and authorizing the Debtors to perform all their obligations thereunder and to take such actions as may be necessary or desirable in connection with or in furtherance thereof, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431 dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the Hearing (as defined below) having been provided in accordance with this Court's Order, dated August 24, 2012, and it appearing that no other or further notice need be provided; and the Court having considered the Motion, the limited objection of the Office of the United States Trustee (the "**Limited Objection**") to the Motion (ECF No. 4308); the Debtors' Reply to the Limited Objection (ECF No. 4356); the Statement of the Official Committee of Unsecured Creditors in support of the Motion (ECF No. 4348); and the Statement of the Association of Professional Flight Attendants in support of the Motion (ECF No. 4351); and a hearing having been held to consider the relief requested in the Motion on September 12, 2012 (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the New CBA, Settlement Letter, and Letter Agreement and all of the terms and provisions thereof are hereby approved in their entirety, and the Debtors are authorized to perform all their obligations thereunder and to take such actions as may be necessary in connection with or in furtherance thereof; and it is further

ORDERED that, based on the unique circumstances of these cases where the compromise and settlement being approved hereby resolves the Debtors' Motion under section 1113 of the Bankruptcy Code insofar as it relates to the APFA and with the additional substantiation already provided to the US Trustee, section 503(b)(4) of the Bankruptcy Code, to

2

the extent applicable, is satisfied with respect to the Administrative Claim referred to in Paragraph 13(ii) of the Motion; and it is further

ORDERED that nothing contained herein or in the New CBA, Settlement Letter, and Letter Agreement shall constitute an assumption of any agreement described herein, including without limitation the New CBA, Settlement Letter, or Letter Agreement nor shall anything herein be deemed to convert a prepetition claim into a postpetition claim or an administrative expense claim; and it is further

ORDERED that if the Debtors seek authorization to reject the New CBA, Settlement Letter, or Letter Agreement subsequent to entry of this Order and after the New CBA, Settlement Letter, or Letter Agreement become effective, upon such rejection any claims arising from the Debtors' inability to perform under the terms of the New CBA, Settlement Letter, or Letter Agreement shall be treated as prepetition claims and not as administrative expense claims, except to the extent that such claims arose postpetition and prior to such rejection, in which case such claims shall be accorded administrative expense claim status to the full extent permitted by law.  The Debtors reserve the right to argue against the nature, extent, and validity of any asserted claims, including, without limitation, that no claims for damages arise as a result of rejection of the New CBA, Settlement Letter, or Letter Agreement and the APFA reserves all of its rights with respect to any such defenses or arguments and to defend the claims asserted; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6004(a) are hereby waived; and it is further

ORDERED that pursuant to Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

Dated: New York, New York
September 12, 2012

                                              ***/s/ Sean H. Lane***
                                              United States Bankruptcy Judge