Hearing Date and Time: May 30, 2013 at 11:00 a.m. (EST)
Objection Deadline: May 28, 2013 at 4:00 p.m. (EST)

Lawrence P. Eagel
David J. Stone
BRAGAR EAGEL & SQUIRE, PC
885 Third Avenue, Suite 3040
New York, New York 10022
Telephone: (212) 308-5858
Facsimile: (212) 486-0462
eagel@bespc.com
stone@bespc.com
*Attorneys for Aeritas, LLC*

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF NEW YORK
_____

In re                                                Chapter 11

AMR CORPORATION., *et al.*,                          11-15463 (SHL)

                    Debtors.                        (Jointly Administered)

_____

**NOTICE OF HEARING ON MOTION OF AERITAS, LLC
FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 362(d) TO MODIFY
AUTOMATIC STAY**

**PLEASE TAKE NOTICE**, a hearing on the annexed motion, dated April 22, 2013 (the "**Motion**") of Aeritas, LLC ("Aeritas") will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, Room 701, New York, New York, 10004-1408, on **May 30, 2013 at 11:a.m. (EST)** (the "**Hearing**"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Motion, if

any, must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (a) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M-399 (which can be found at http://nysb.uscourts.gov) and (b) by all other parties in interest on a 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers); and on (i) the attorneys for Aeritas, LLC, Bragar Eagel & Squire, P.C., 885 Third Avenue, Suite 3040, New York, New York (Attn: Lawrence P. Eagel, Esq.); (ii) the Debtors, c/o AMR Corporation, 4333 Amon Carter Boulevard, MD 5675, Fort Worth, Texas 76155 (Attn: Kathryn Koorenny, Esq.); (iii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq.); (iv) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Brian Masumoto, Esq.); (v) the attorneys for the Official Committee of Unsecured Creditors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Attn: John Wm. Butler, Jr., Esq.) and Four Times Square, New York, New York 10036 (Attn: Jay M. Goffman, Esq.); and (vi) the attorneys for the Section 1114 Committee of Retired Employees, Jenner Block LLP, 353 North Clerk Street, Chicago, Illinois 60654 (Attn: Catherine L Steege, Esq. and Charles B. Sklarsky, Esq.) and 919 Third Avenue, 37th Floor, New York, New York 10022 (Attn: Marc B. Hankin, Esq); (vii) the special aircraft attorneys for the Debtors, Debevoise & Plimpton LLP, 929 Third Avenue, New York, New York, 10022 (Attn: Richard F. Hahn, Esq. and Jasmine Ball, Esq.), and (viii) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002, so as to be received no later than **May 28, 2013 at 4:00 p.m. (EST)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are filed and served in accordance with this Notice, the Court may grant the relief demanded by the Motion without further notice or hearing.

Dated: New York, New York
April 24, 2013

Respectfully submitted,

BRAGAR EAGEL & SQUIRE, PC

By: /s/ Lawrence P. Eagel
Lawrence P. Eagel (LE 4505)
885 Third Avenue, Suite 3040
New York, New York 10022
Telephone: (212) 308-5858
Facsimile: (212) 486-0462
eagel@bespc.com

*Attorneys for Aeritas, LLC*

Andrew D. Weiss
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
aweiss@raklaw.com

*Of Counsel*

**Hearing Date and Time: May 30, 2013 at 11:00 a.m. (EST)**
**Objection Deadline: May 28, 2013 at 4:00 p.m. (EST)**

Lawrence P. Eagel
David J. Stone
Bragar Eagel & Squire, PC
885 Third Avenue, Suite 3040
New York, New York 10022
Telephone: (212) 308-5858
Facsimile: (212) 486-0462
eagel@bespc.com
stone@bespc.com
*Attorneys for Aeritas, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

In re

AMR CORPORATION., *et al.*,

           Debtors.

_____

Chapter 11

11-15463 (SHL)

Jointly Administered

**MOTION OF AERITAS, LLC FOR ENTRY OF ORDER PURSUANT TO**
**11 U.S.C. § 362(d) TO MODIFY THE AUTOMATIC STAY**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE

    Aeritas, LLC ("Aeritas"), by and through its undersigned counsel, Bragar Eagel & Squire, P.C., hereby moves for an order pursuant to 11 U.S.C. § 362(d) modifying the automatic stay to permit Aeritas to pursue its patent infringement litigation against AMR Corporation and certain of its subsidiaries and affiliates (collectively "American" or the "Debtors") in the United States District Court for the District of Delaware. In support thereof, Aeritas respectfully states as follows:

1.      Aeritas claims against the Debtors arise out of Debtors' pre- and post-petition infringement of valuable patents held by Aeritas. The patents in question permit Debtors' customers to generate boarding passes on their smart phones and tablet computers instead of receiving paper boarding passes. Debtors have infringed and continue to infringe upon Aeritas's patents on a daily basis.

2.      Aeritas has commenced litigation against five other airlines for violating the same patents. That consolidated litigation is pending in the United States District Court for the District of Delaware. Aeritas did not commence an action against Debtors because the parties were in discussions to resolve the dispute at the time Debtors filed their bankruptcy petition.

3.      Aeritas filed timely filed proofs of claim for pre-petition infringement against AMR Corp., American Airlines, Inc., AMR Eagle Holding Corp., American Eagle, Inc., Executive Airlines, Inc., Business Express Airlines, Inc., and Reno Air, Inc., which, in the aggregate, exceed $7,000,000. To date, the Debtors have not filed any objections to those proofs of claim. Aeritas has claims against the Debtors for post-petition infringement for at least $17,700,000, in the aggregate.

4.      Aeritas has also moved for an order pursuant to 11 U.S.C. § 503(b) for allowance and payment of an administrative expense claim arising out of Debtors' post-petition infringement of patents held by Aeritas.

5.      Aeritas respectfully submits that the Court should modify the automatic stay to permit Aeritas to pursue its patent infringement claims in the United States District Court for the District of Delaware. The relevant *Curtis* factors support lifting the stay. *In re Curtis*, 40 Bankr. 795 (Bankr. D. Utah 1984). Further, because this Court lacks jurisdiction to issue a final judgment on the patent claims, the issue should be heard in the first instance in the District

Court. *Stern v. Marshall*, 131 S.Ct. 2594, 180 L.Ed. 2d 475 (2011).

## JURISDICTION

6. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

7. Aeritas requests entry of an order granting relief from the automatic stay, pursuant to section 362(d) of the Bankruptcy Code, to allow Aeritas to commence an action in the United States District Court for the District of Delaware against Debtors arising out of Debtors' infringement of certain patents held by Aeritas and to allow Aeritas take all actions necessary to adjudicate and resolve such claims.

## NATURE AND STAGE OF PROCEEDINGS

8. The Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code") on November 29, 2011 ("Petition Date"). On November 29, 2011, the Court signed an Order directing joint administration of the Debtors' cases under Case No. 11-15463. The Debtors are continuing in possession of their respective properties and are operating their businesses as debtors in possession under Sections 1107 and 1108 of the Bankruptcy Code.

9. On or about December 11, 2011, Aeritas filed proofs of claim ("Proofs") premised upon Debtor's pre-petition infringement of Aeritas's patent rights conferred by U.S. Patent No. 7,933,589 issued on April 26, 2011 (the "'589 Patent") and U.S. Patent No. 7,209,903 issued on April 24, 2007 (the "'903 Patent") (the '589 Patent and the '903 Patent are collectively referred to herein as the "Aeritas Patents"). Debtors have not objected to the Proofs.

10. On August 23, 2012, Aeritas filed a motion for allowance and payment of an administrative expense claim with respect to the Debtors' post-petition infringement of the Aeritas Patents. On October 2, 2012, the Debtors objected to Aeritas's administrative claim, arguing that it was premature and that any motion should await adjudication of Aeritas's patent claims.

11. On November 9, 2012, Aeritas filed a motion to withdraw reference of Aeritas's claims of patent infringement from this Court, and, pursuant to 28 USC § 1404(a), to transfer venue to the United States District Court for the District of Delaware. By order dated March 21, 2013, the United States District Court for the Southern District of New York denied the Motion to Withdraw Reference, without prejudice, stating that Aeritas should have first moved to lift the stay with respect to Aeritas's claim for patent infringement. *Aeritas, LLC, v. AMR Corporation*, 12 civ. 8180 (PAE), 2013 U.S. Dist. LEXIS 39589 at * 13-16 (S.D.N.Y. March 21, 2013).

## BACKGROUND FACTS

12. Aeritas is a Texas limited liability company with its principal place of business at 10414 Crestover Drive, Dallas, Texas 75229. The Aeritas Patents describe and claim methods and systems for facilitation of certain wireless e-commerce transactions. Debtors have infringed these patents, and continue to do so, by the operation of certain boarding pass and flight check-in systems, as described below.[1]

**The '589 Patent**

13. In the '589 Patent, Claim 40 is exemplary of the claims Aeritas alleges to be infringed. It reads:

40. A method for facilitating a wireless transaction, comprising:

---

1 Aeritas hereby incorporates the November 9, 2012, Declaration Of Lawrence P. Eagel In Support Of Aeritas, LLC's Motion To Withdraw The Reference And Transfer Venue, and exhibits thereto.

7

(a) receiving, at a transaction system and at least in part over a wireless communication link, a transaction request for a user-selected wireless transaction, the transaction request associated with a wireless transaction consisting essentially of an authorization with respect to a product or service, and a multi-stage fulfillment event associated with the authorization, the fulfillment event occurring at a fulfillment location using the wireless communication device;

(b) in response to the received user-selected transaction request, determining whether the authorization has been obtained;

(c) if the authorization has been obtained, communicating an optically scannable transaction code from the transaction system to a wireless communication device, the optically scannable transaction code being a two dimensional (2D) image that encodes information in two dimensions and that, at a first point in time, is capable of being scanned from the wireless communication device at the fulfillment location to partially complete the wireless transaction; and

(d) at a second point in time and while the wireless transaction remains only partially complete, completing the wireless transaction at the fulfillment location by scanning a two dimensional (2D) image from the wireless communication device.

**The '903 Patent**

14.     In the '903 Patent, Claim 22 is exemplary.  It reads:

22.  A method facilitating a wireless transaction, said transaction involving a payment obligation on behalf of a requester and a fulfillment obligation on behalf of a provider to provide a product or service, comprising:

(a) receiving, by a transaction fulfillment system, a transaction request for a product or service from a transaction requester that has indicated an acceptance of an obligation to pay for said product or service;

(b) verifying an identity of the transaction requester;

(c) communicating a transaction code from the transaction fulfillment system to a wireless communication device after verifying the identity of the transaction requester, said code representative of said transaction requested;

(d) optically scanning, by the transaction fulfillment system, the transaction code from a visual display of the wireless communication device in fulfillment of said transaction for a product or service; and

      (e)      triggering, by said transaction fulfillment system, a wireless transaction fulfillment event in response to optically scanning said first transaction code whereby said provider fulfills said obligation to provide said product or service and said requested product or service is received.

**Debtors' Infringement**

15.    Debtors directly and indirectly infringed the Aeritas Patents prior to the Petition Date, and they continue to infringe the Aeritas Patents as part of their post-petition operations. Debtors have infringed and continued to infringe the Aeritas Patents by utilizing Mobile Check-ins and Mobile Boarding Passes through consumer's smart phones and tablet computers. More specifically, by making, using, importing, offering for sale, and/or selling products and services that facilitate wireless transactions by receiving requests for transactions consisting of an authorization with respect to a product or service and a multistage fulfillment event associated with the authorization occurring at a fulfillment location, determining whether such authorization has been obtained, communicating a two-dimensional, optically scannable transaction code that is capable of being scanned at the fulfillment location initially to partially complete the transaction, and completing the wireless transaction at a second point by scanning the two-dimensional code, including but not limited to Debtors' "Mobile Check-in" and "Mobile Boarding Pass" products and services (collectively, the "Mobile Boarding Pass" products and services). The Mobile Boarding Pass products and services allow Debtors to issue and use electronic boarding passes on mobile devices, such as phones and tablet computers.

16.    Debtor's Mobile Boarding Pass system infringes Claim 40 of the '589 Patent because, as to element (a) of Claim 40, it receives a transaction request, such as an account log-in or flight check-in request. That request is received over a wireless communication link, such as over a Wi-Fi or cellular link. The authorization is with respect to the user's ability, for example,

to obtain a mobile boarding pass or board a plane, which includes a multi-stage fulfillment, namely, a first check at the security station and a second check at the gate. The fulfillment event (gaining access to the plane) is accomplished using the smartphone to which a mobile boarding pass has been delivered. With regard to element (b), the Debtors' system performs a number of authorization checks, including one or more of (i) checking the "no fly" list and/or other security lists; (ii) verifying payment; (iii) checking flight status; (iv) checking check-in deadlines; and (v) confirming reservation status. With regard to element (c), the Debtors' system sends a two-dimensional barcode to a wireless device. That barcode is capable of being scanned at a first point in time, namely at security screening. Finally, with regard to element (d) of Claim 40, the transaction is fulfilled (*i.e.*, the passenger is allowed entry to the jetway) when the barcode is scanned at the gate.

17. Debtors' Mobile Boarding Pass system infringes Claim 22 of the '903 Patent because, as to element (a), it receives a transaction request for a service (boarding a plane), such as an account log-in or flight check-in request. In order to receive a mobile boarding pass, the requester has to have previously purchased the ticket (*i.e.*, indicated an acceptance of an obligation to pay). As to element (b), the system verifies information about the user, such as a login name, frequent flyer number, and/or password. As to element (c), and with reference to the diagrams cited above, after verifying the requester's identity, Debtors' system sends a two-dimensional barcode to the user's wireless device. The barcode is then scanned (element (d)) at the gate to allow entry to the plane (element (e)).

**Aeritas' Bankruptcy Claims**

18. Aeritas has asserted claims against each of the Debtors, jointly and severally, for damages measured by a royalty equal to $1.00 per electronic boarding pass issued by or on

behalf of the Debtors or their respective predecessors, affiliates, subsidiaries, etc. The royalty rate is a reasonable rate based upon the cost savings realized by Debtors due to their use of the infringing technology. At this time Aeritas is unable to determine the number of electronic boarding passes issued by or on behalf of the Debtors based upon the information currently available. That information is exclusively within the dominion and control of the Debtors. Aeritas has, however, had access to certain public information that leads Aeritas to believe that the Debtors have issued approximately 7.1 million Mobile Check-Ins, for the period between Debtors' introduction of Mobile Check-Ins on November 13, 2008 through the Petition Date, and approximately 5.9 million mobile boarding passes from the petition date through the date of Aeritas's Administrative Claim. Accordingly, Aeritas has made claims against the Debtors for at least $7,100,000, plus enhanced damages for willful infringement, as well as claims for unpaid pre-petition interest. Aeritas's claim against the Debtors for post-petition infringement is at least $5,900,000, trebled to $17,700,000 for willful infringement. Aeritas has reserved the right to expand and amend its claims in response to new facts and circumstances. As the infringement continues, Aeritas's claim will increase and further application for payment will be made.

## CAUSE EXISTS TO MODIFY THE STAY

19.     The filing of a bankruptcy petition operates as a stay of the commencement of any action against the debtor. 11 U.S.C. § 362. However, Subsection (d) of Section 362, provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay

>   (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
>   (2) with respect to a stay of an act against property under subsection (a) of this section, if –

      (A) the debtor does not have an equity in such property; and

      (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d) (1988). "The burden of proof on a motion to lift or modify the automatic stay is a shifting one. Section 362(d)(1) requires an initial showing of cause by the movant, while Section 362(g) places the burden of proof on the debtor for all issues other than 'the debtor's equity in property.'" 11 U.S.C. § 362 (g)(1). *See* 2 Collier on Bankruptcy para. 362.10, at 362-76.

    20.    The Second Circuit has adopted the twelve *Curtis* factors to guide the Court's discretion: "These are: (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms." *In Re: Sonnax Industries, Inc.*, 907 F.3d 1280, 1286 (2d Cir. 1990) citing *In re Curtis*, 40 Bankr. 795 (Bankr. D. Utah 1984).

    21.    The relevant *Curtis* factors support modifying the automatic stay to permit Aeritas to file an action for patent infringement against Debtors in the Delaware District Court.

22.     First, the requested "relief would result in a partial or complete resolution of the issues."  The Delaware District Court has jurisdiction to enter a final judgment on Aeritias's patent infringement claims.  This Court lacks jurisdiction to enter a final judgment and, therefore, the parties will have to litigate the patent infringement claims before the District Court.  *See Stern v. Marshall*, 131 S.Ct. 2594, 180 L.Ed. 2d 475 (2011) (discussed below).

23.     Second, there is no connection between Aeritas's claims and the bankruptcy proceeding, nor would the patent claims interfere with the bankruptcy proceedings.  Aeritas's claims of patent infringement do not arise out of the bankruptcy and are wholly separate from any of the issues before the Bankruptcy Court.  The claims do not arise under the Bankruptcy Code.

24.     Third, the patent claims do not involve the Debtors as fiduciaries.

25.     Fourth, although no specialized tribunal is necessary to hear Aeritas's patent claims, such claims are routinely heard in the District Courts, as opposed to the Bankruptcy Courts.  Moreover, appeals from the patent decisions are directly appealable to the Federal Circuit Court of Appeals.

26.     The fifth factor – whether the debtor's insurer has assumed full responsibility for defense – is not relevant.

27.     Sixth, although the action does not involve third parties, Aeritas has commenced similar patent infringement claims against five other airlines.  Those claims are pending before the Delaware District Court.  Concerns about judicial resources and consistency of judgments strongly favor having the claims against Debtors heard in coordinated proceedings.

28.     Seventh, litigating Aeritas's patent claims before the Delaware District Court would not prejudice other creditors.  None of the issues to be litigated between Aeritas and

Debtors involve the other creditors or touch upon their rights. Debtors' bankruptcy estate is estimated in the billions of dollars. From the Debtors' perspective, Aeritas's patent claims are negligible.

29. <u>Eighth</u>, the judgment claim from the patent infringement action is not subject to equitable subordination.

30. <u>Ninth</u>, Aeritas's success before the Delaware District Court would not result in a judicial lien avoidable by the Debtor.

31. <u>Tenth</u>, the interests of judicial economy and expeditious and economical resolution of disputes strongly supports litigating Aeritas's patent claims in Delaware. The Delaware District Court is already overseeing the litigation of the same claims against five different airlines. Those actions were filed in 2011 and consolidated for the Delaware District Court. Fact discovery is continuing.

32. <u>Eleventh</u>, the parties are not ready for trial in the other proceeding.

33. <u>Twelfth</u>, the impact of the stay weighs heavily upon Aeritas. The current bankruptcy proceedings may play out over years. Debtors have already represented to the Court that there are approximately 13,000 claims filed against the estate. The filing of a Proposed Plan will not end litigation in this Court, and as suspected, if the infringement continues, will result in litigation in multiple forums over the same issues.

34. The case of *Innovative Office Prods., Inc. v. SpaceCo. Bus. Solutions, Inc.*, Case No. 07-12977 HRT, Chapter 11, 2007 Bankr. LEXIS 4620, (D. Co. Br. 2007) is instructive. In *SpaceCo*, plaintiff Innovative commenced a patent infringement proceeding (the "Patent Infringement Action") before SpaceCo filed for bankruptcy. The bankruptcy court subsequently granted Innovative's motion to lift the stay. Analyzing the *Curtis* factors, the court noted that the

Patent Infringement Action would resolve all of the patent issues between the parties, and that the district court could oversee the litigation – unconnected with the bankruptcy proceeding – without interfering with the bankruptcy proceedings.[2]  *Id.* at *12-15.  The court noted that federal district courts, unlike bankruptcy courts, are "specialized to the degree that federal courts have exclusive jurisdiction over patent infringement cases and that federal district courts routinely hear patent matters."  *Id.* at *15.

35.    In 2011, the United States Supreme Court issued its decision in *Stern v. Marshall*, 131 S.Ct. 2594, 180 L.Ed. 2d 475 (2011), which clarified the scope of the bankruptcy court's jurisdiction to issue final judgments.  Under *Stern*, the bankruptcy court may issue a final judgment only if (1) the claim involves a public right; (2) the process of adjudicating the creditor's proof of claim would resolve a counterclaim; or (3) the parties consent.  *Dynegy Danskammer, L.L.C. v. Peabody Coaltrade Int'l Ltd.*, Case No. 12-CV-5859 (KMK), 2012 U.S. Dist. LEXIS 161401 at *10-11 (Nov. 7, 2012 S.D.N.Y.).  Aeritas's patent claim, which arises under the patent laws, is not a public right.  *Id.* at *11-12 (public rights "derive from a federal regulatory scheme, or in which resolution of the claim by an expert government agency is deemed essential to a limited regulatory objective within the agency's authority").  There are no counterclaims and the parties have not consented to a final resolution before the Bankruptcy Court.  Aeritas's patent claims, therefore, will end up being adjudicated *de novo* before the District Court.  There is no good reason to have the claims remain in the Bankruptcy Court.

## CONCLUSION

36.    For the foregoing reasons, cause exists to modify the automatic stay so Aeritas

---

2 In *SpaceCo.*, the patent infringement action was commenced before the debtor filed its bankruptcy petition.  That distinction is immaterial.  Here, Aeritas has commenced similar infringement actions against other airlines, and the Delaware District Court is familiar with the issues.

may proceed with its claims against Debtors in the United States District Court for the District of Delware or in any court of competent jurisdiction.

## NOTICE

37. Notice of this Motion has been provided to (i) parties in interest in accordance with Amended Order Pursuant to 11 U.S.C. § 105(a) and (d) and Bankruptcy Rules 1015(c), 2002(m), and 9007 Implementing Certain Notice and Case Management Procedures, dated August 8, 2012 (ECF No. 3952). Aeritas submits that in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

38. No previous request for the relief sought herein has been made by Aeritas to this or any other Court.

WHEREFORE, Aeritas respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
April 24, 2013

    Respectfully submitted,

    BRAGAR EAGEL & SQUIRE, PC

    By: /s/ Lawrence P. Eagel
    Lawrence P. Eagel
    David J. Stone
    885 Third Avenue, Suite 3040
    New York, New York 10022
    Telephone: (212) 308-5858
    Facsimile: (212) 486-0462
    eagel@bespc.com
    *Attorneys for Aeritas, LLC*

Andrew D. Weiss
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
aweiss@raklaw.com

*Of Counsel*

Lawrence P. Eagel
David J. Stone
Bragar Eagel & Squire, PC
885 Third Avenue, Suite 3040
New York, New York 10022
Telephone: (212) 308-5858
Facsimile: (212) 486-0462
eagel@bespc.com
stone@bespc.com
*Attorneys for Aeritas, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――

In re

AMR CORPORATION., *et al.,*

                            Debtors.

―――――――――――――――――――――――――

Chapter 11

11-15463 (SHL)

Jointly Administered

**ORDER PURSUANT TO 11 U.S.C. § 362(d)
MODIFYING THE AUTOMATIC STAY TO
ALLOW AERITAS, LLC TO PURSUE CLAIMS
FOR PATENT INFRINGEMENT AGAINST DEBTORS**

Upon the Motion, dated April 23, 2013 (the "**Motion**"), of Aeritas, LLC pursuant to section 362(d) of title 11, United States Code (the **"Bankruptcy Code"**), for entry of an order modifying the automatic stay to allow Aeritas to commence an action in the United States District Court for the District of Delaware against Debtors arising out of Debtors' infringement of certain patents held by Aeritas and to take all actions necessary to adjudicate and resolve such claims; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief

requested therin being a core proceeding pursuant to 29 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other and further notice need be provided; and a hearing having been held to consider the relief requested in the Motion ( the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that cause exists for the relief sought and that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

      ORDERED that the Motion is granted as provided hering; and it is further

      ORDERED that the automatic stay, to the extent applicable, is modified, pursuant to section 362(d) of the Bankruptcy Code, to allow Aeritas to commence an action against Debtors or any of them to assert certain claims for patent infringement in the United States District Court for the District of Delaware, or any other court of competent jurisdiction, and to take all actions that may be necessary or appropriate to adjudicate those claims and resolve any issues; and it is further

      ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  New York, New York
        [_____], 2013

                                                    _____
                                                    United States Bankruptcy Judge