HEARING DATE AND TIME: September 12, 2013 at 11:00 a.m. (Eastern Time)

Stephen Karotkin
Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                                                 :
In re                                      :   Chapter 11 Case No.
                                                                 :
AMR CORPORATION, et al.,                   :   11-15463 (SHL)
                                                                 :
              Debtors.                     :   (Jointly Administered)
                                                                 :
-----------------------------------------------------------------x
```

### OBJECTION OF DEBTORS TO FINAL APPLICATION OF DEWEY & LEBOEUF LLP, AS SPECIAL COUNSEL FOR THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM NOVEMBER 29, 2011 THROUGH MAY 19, 2012

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

AMR Corporation and its related debtors, as debtors and debtors in possession (collectively, the "**Debtors**" or "**American**"), submit this Objection (the "**Objection**") to the Final Application of Dewey & LeBoeuf LLP ("**Dewey & LeBoeuf**"), as Special Counsel for the Debtors, for Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from November 29, 2011 through May 19, 2012 (the "**Application**") (ECF No. 4211), and respectfully represent:

**Objection**

1. Pursuant to this Court's order dated April 11, 2012 (the "**Retention Order**") (ECF No. 2228), Dewey & LeBoeuf was authorized to continue representing the Debtors in connection with (i) nonbankruptcy litigation against Sabre Inc., Sabre Holdings Corp., and Sabre Travel International, Ltd. d/b/a Sabre Travel Network (together, "**Sabre**") in state district court in Tarrant County, Texas and a separate but related lawsuit against Travelport Limited and Travelport, L.P., Sabre, and Orbitz Worldwide LLC in the Federal District Court for the Northern District of Texas (together, the "**GDS Litigation**"), (ii) various prepetition litigation matters unrelated to these chapter 11 cases, and (iii) antitrust counseling on matters unrelated to these chapter 11 cases (collectively, the "**American Matters**"). On July 17, 2012, Dewey & LeBoeuf submitted its first and only monthly fee statement (ECF No. 3588), which included time entries (the "**Dewey Time Entries**") relating to services performed between November 29, 2011 and May 19, 2012 (the "**Compensation Period**").[1]

2. By its Application, Dewey & LeBoeuf seeks final allowance of $4,569,107.40 in fees for professional services rendered and $42,023.42 for expenses incurred during the Compensation Period. American submits that a reduction in fees in the amount of $642,796.24 and a reduction in expenses in the amount of $1,138.34 is warranted because (i) Dewey & LeBoeuf failed to comply with the terms of the Retention Order, American's Policy Statement for Outside Counsel (the "**Policy Statement**"), and applicable provisions of the Bankruptcy Code, and (ii) Dewey & LeBoeuf did not satisfy its burden under section 330 of the

---

[1] On May 28, 2012, Dewey & LeBoeuf filed a voluntary petition in the United States Bankruptcy Court for the Southern District of New York seeking relief under chapter 11, title 11, United States Code (the "**Bankruptcy Code**"). Also during May 2012, certain Dewey & LeBoeuf attorneys who were actively involved on the American Matters left Dewey & LeBoeuf to work at other law firms.

2

Bankruptcy Code to show that all services rendered were reasonable, necessary, or beneficial to the Debtors' estates.

3. Pursuant to section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." 11 U.S.C. § 330(a)(1)(A). The Court, however, on its own motion or on an objection filed by a party in interest, may award compensation that is less than the amount requested by a professional. *Id.* at § 330(a)(2). In evaluating the amount of reasonable compensation to be awarded, the Court should consider the nature, extent, and value of the services provided, taking into account all relevant factors, including, inter alia, (i) the time spent and the rates charged for such services; (ii) whether the services were necessary to the administration of, or beneficial at the time the services were rendered toward the completion of, these chapter 11 cases; and (iii) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the task performed. *Id.* at §§ 330(a)(3)(A-D).

4. In certain circumstances, the Court's discretion is limited. Pursuant to section 330(a)(4) of the Bankruptcy Code, "the court shall not allow compensation for—(i) unnecessary duplication of services; or (ii) services that were not—(I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." 11 U.S.C. § 330(a)(4). In determining whether services are "necessary," Courts in the Southern District of New York "objectively evaluate whether the services provided were reasonably likely to benefit the estate under the circumstances at the time that the services were rendered." *In re Siskin*, 11 CIV. 9468 NRB, 2012 WL 2367043, at *6 (S.D.N.Y. June 20, 2012) (citing *In re Kohl*, 421 B.R. 115, 128–29 (Bankr. S.D.N.Y. 2009)); *see also*, *In re Cenargo Int'l PLC*, 294 B.R. 571, 595

(Bankr. S.D.N.Y. 2003) (employing an objective test and considering "what a reasonable [professional] would have done at the time").

5. The fee applicant bears the burden of proof on all elements of its fee application, including proving that services provided were necessary and reasonable and that expenses were necessary, reasonable, and actually incurred. *See In re W. End Fin. Advisors, LLC*, No. 11-11152 SMB, 2012 WL 2590613, at *3 (Bankr. S.D.N.Y. July 3, 2012) (citing *Howard v. High River L.P.*, 369 B.R. 111, 115 (S.D.N.Y. 2007)); *In re Arebalo*, 10 CV 2025 SJF, 2011 WL 1336676, at *2 (E.D.N.Y. Mar. 31, 2011). Dewey & LeBoeuf failed to meet its burden with respect to the fees and expenses described below.

6. <u>Unnecessary Fees for Time Billed by a Dewey & LeBoeuf Partner</u>. American objects to 74.8 hours, with fees totaling $57,222.00, billed by a Dewey & LeBoeuf partner for time spent reviewing documents and working on discovery materials in order to "get up to speed" on the "GDS Litigation." The relevant time entries are annexed as **Exhibit "A"** hereto. During the Compensation Period, it appears that this partner was actively seeking to leave Dewey & LeBoeuf and engaged in employment negotiations with another law firm. In fact, the partner left Dewey & LeBoeuf during the Compensation Period. Accordingly, the 74.8 hours billed by the Dewey & LeBoeuf partner were not necessary or beneficial to the GDS Litigation or American's estates and a reduction in the amount of $57,222.00 is warranted.

4

7. <u>Charges for First Year Lawyers</u>. American objects to $584,435.90 in fees, relating to 1646 hours of services rendered by first year lawyers at Dewey & LeBoeuf, in violation of the Policy Statement as set forth below:

| Name | Hours Billed | Amount Billed |
|---|---|---|
| Elizabeth Zane | 105.9 | $37,700.40 |
| Maja Zerjal | 23 | $8,165.00 |
| Michael E. Herring | 431.9 | $153,324.50 |
| Susan Zhu | 442.9 | $157,229.50 |
| William Weaver | 642.3 | $228,016.50 |

8. The Policy Statement, which Dewey & LeBoeuf was bound by, provides that American (absent exceptional circumstances) will not pay for first year associates on any matter. Additionally, when the substance of the time billed by such first year associates is reviewed, it appears that the tasks performed by such associates was subsumed by tasks performed by other more senior lawyers, demonstrating the lack of benefit to the estate.

9. Finally, after Dewey & LeBoeuf's May 2012 bankruptcy filing, only one of the five lawyers is at a firm that continues to do work for American, which means that any value invested in these first year associates was not retained for the benefit of American. Accordingly, a reduction in the amount of $584,435.90 is warranted.

10. <u>FedEx Charges in Excess of Discounted Rate</u>. American objects to $1,138.34 of FedEx shipping charges incurred by Dewey & LeBoeuf during the Compensation Period. Under the Policy Statement, a copy of which was provided to Dewey & LeBoeuf prior the commencement of these chapter 11 cases, retained law firms are required to ship documents using a discounted FedEx rate. Dewey & LeBoeuf failed to use the discounted FedEx rate and, therefore, a reduction in the amount of $1,138.34 is warranted.

5

**Conclusion**

WHEREFORE the Debtors respectfully request the Court sustain their Objection, disallow $641,657.90 of the fees and $1,138.34 of the expenses requested in the Application, for a total reduction of $642,796.24, and grant the Debtors such other and further relief as is just.

Dated: Houston, Texas
September 5, 2013

    /s/ Alfredo R. Pérez
Stephen Karotkin
Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# **EXHIBIT A**

# **EXHIBIT A**

**EXHIBIT A**
**EAMON O'KELLY OBJECTIONABLE TIME ENTRIES**

| Date | Atty | Code | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 01/05/12 | EO | L300 | Review documents. | 4.00 | $765.00 | $3,060.00 |
| 01/06/12 | EO | L300 | Review documents. | 1.70 | $765.00 | $1,300.50 |
| 01/09/12 | EO | L300 | Review discovery. | 3.30 | $765.00 | $2,524.50 |
| 01/10/12 | EO | L300 | Review documents and other materials. | 3.20 | $765.00 | $2,448.00 |
| 01/11/12 | EO | L300 | Reviewing discovery materials. | 3.50 | $765.00 | $2,677.50 |
| 01/12/12 | EO | L300 | Review discovery materials. | 1.50 | $765.00 | $1,147.50 |
| 01/17/12 | EO | L300 | Working on discovery proejcts. | 3.50 | $765.00 | $2,677.50 |
| 01/18/12 | EO | L300 | Reviewing discovery materials. | 2.80 | $765.00 | $2,142.00 |
| 01/19/12 | EO | L300 | Reviewing discovery materials. | 4.70 | $765.00 | $3,595.50 |
| 01/20/12 | EO | L200 | Review draft reply to Travelport opposition to motion for rehearing; Review oppositions to motions to dismiss. | 1.50 | $765.00 | $1,147.50 |
| 01/20/12 | EO | L300 | Review draft reply to Travelport opposition to motion for rehearing; Review oppositions to motions to dismiss. | 3.50 | $765.00 | $2,677.50 |
| 01/24/12 | EO | L300 | Working on discovery materials. | 4.50 | $765.00 | $3,442.50 |
| 01/25/12 | EO | L300 | Working on discovery materials. | 2.50 | $765.00 | $1,912.50 |
| 01/26/12 | EO | L300 | Working on discovery materials. | 3.00 | $765.00 | $2,295.00 |
| 01/31/12 | EO | L300 | Reviewing other discovery materials with Mr. Longman. | 0.20 | $765.00 | $153.00 |
| 02/01/12 | EO | L300 | Review and analyze/comment on draft responses to Sabre interrogatories (2.3); Review and analyze other draft discovery materials (1.5). | 3.80 | $765.00 | $2,907.00 |
| 02/02/12 | EO | L200 | Review/comment on Sabre's reply brief on motion to dismiss (1.5); Review and analyze Travelport counterclaims and call with Ms. Moltenbrey and Mr. Schildkraut to discuss same (2.5). | 4.00 | $765.00 | $3,060.00 |
| 02/03/12 | EO | L310 | Review and analyze update regarding third party discovery (0.3); Further work on responses to Sabre interrogatories (0.7); Review and analyze draft Travelport 30(b)(6) (1.5). | 2.50 | $765.00 | $1,912.50 |
| 02/03/12 | EO | E200 | Review and analyze Sabre reply to motion to dismiss (0.5); Review and analyze consolidated complaint and Travelport counterclaims for purposes of our motion to dismiss (1.5). | 2.00 | $765.00 | $1,530.00 |
| 02/06/12 | EO | L350 | Review and analyze documents for discovery/privilege motions (1.2). | 1.20 | $765.00 | $918.00 |
| 02/06/12 | EO | L310 | Review and analyze comments on Sabre interrogatory responses. | 1.00 | $765.00 | $765.00 |
| 02/06/12 | EO | L200 | Review and analyze replies on motions to dismiss. | 0.70 | $765.00 | $535.50 |
| 02/06/12 | EO | L100 | Review and analyze draft deposition outline and related documents. | 2.50 | $765.00 | $1,912.50 |
| 02/07/12 | EO | L300 | Review and analyze documents. | 2.30 | $765.00 | $1,759.50 |
| 02/09/12 | EO | L300 | Review status of third party discovery (1.0); Review and analyze correspondence regarding Travelport deposition strategy (0.3); Review and analyze materials for Sabre depositions (1.5). | 2.80 | $765.00 | $2,142.00 |
| 02/10/12 | EO | L300 | Reviewing documents in connection with upcoming Sabre depositions. | 2.30 | $765.00 | $1,759.50 |
| 02/10/12 | EO | L200 | Reviewing draft motion to dismiss Travelport counterclaims. | 1.50 | $765.00 | $1,147.50 |
| 02/16/12 | EO | L200 | Review Travelport pleadings. | 0.50 | $765.00 | $382.50 |
| 02/16/12 | EO | L300 | Review and analyze e-mails and other documents to prepare for deposition of Sabre witness. | 3.50 | $765.00 | $2,677.50 |
| 02/17/12 | EO | L300 | Reviewing filings re motion to compel (Sabre) (0.4); Reviewing revised memorandum from co-counsel regarding discovery strategy (0.4). | 0.80 | $765.00 | $612.00 |
| | | | **TOTALS** | **74.80** | | **$57,222.00** |