HEARING DATE AND TIME: September 12, 2013 at 11:00 a.m. (Eastern Time)

Stephen Karotkin
Alfredo R. Pérez
Stephen A. Youngman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re                                                          :      **Chapter 11 Case No.**
                                                               :
**AMR CORPORATION**, *et al.*,                                 :      **11-15463 (SHL)**
                                                               :
                Debtors.                                       :      **(Jointly Administered)**
                                                               :
---------------------------------------------------------------x

**DEBTORS' REPLY TO OBJECTION OF CAROLYN FJORD *ET AL.* TO ORDER**
**CONFIRMING DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

AMR Corporation and its related debtors, as debtors and debtors in possession (collectively, the "**Debtors**" or "**American**"), for its reply to the objection of Carolyn Fjord *et al*. (the "**Clayton Plaintiffs**") to findings of fact, conclusions of law, and order pursuant to sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure confirming Debtors' Third Amended Joint Chapter 11 Plan, dated Sept. 4, 2013 (ECF No. 10034) (the "**Clayton Objection**"), respectfully state:

**Debtors' Reply**

1. On June 5, 2013, the Debtors filed the Debtors' Second Amended Joint Chapter 11 Plan, dated June 5, 2013 (ECF No. 8590) (such plan, as transmitted to parties in

interest being the "**Second Amended Plan**," and as subsequently modified, the "**Plan**"). On August 14, 2013, the Debtors filed the Technical Amendments to the Plan (ECF No. 9749).

2. The Clayton Plaintiffs objected to the Plan (ECF Nos. 9356, 9373, 9466, 9474) (collectively, the "**Clayton Plaintiffs' Plan Objection**").[1]

3. On August 6, 2013, the Clayton Plaintiffs filed a Complaint, Adv. Pro. No. 13-01392(SHL), Adv. Pro. ECF No. 1) (the "**Complaint**") in the Bankruptcy Court styled *Carolyn Fjord et al. v. AMR Corporation et al.*, Adv. Pro. No. 13-01392(SHL) (the "**Clayton Adversary Proceeding**").

4. The hearing to consider confirmation of the Plan was held on August 15, 2013 (the "**Confirmation Hearing**"), and the record was closed except solely with respect to the supplemental submissions requested by the Bankruptcy Court with respect to the civil action filed by the United States and several plaintiff states to enjoin the Merger[2] under federal antitrust law on August 13, 2013 in the United States District Court for the District of Columbia as Case No. 13-cv-01236 (the "**DOJ Action**").

5. At the Confirmation Hearing, the Debtors resolved the Clayton Plaintiffs' Plan Objection with the Clayton Plaintiffs, which resolution was read into the record:

> MR. KAROTKIN: As I understand what counsel wants, he wants the ability to move forward with his adversary proceeding *in this court, not in another court, in this court.* And what we are prepared to do, Your Honor, is to permit him to go forward *in this Court* to the extent he's concerned about somehow his claim would be discharged if you were to enter a confirmation order, which it's hard for me to conceive of that happening since the discharge is

---

[1] The Clayton Plaintiffs filed additional pleadings objecting to the Plan subsequent to the Confirmation Hearing.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

2

conditioned on the effective date of the plan, we're prepared to carve him out of sections 10.2, 10.3, 105[sic] *to the extent that it relates solely to this adversary proceeding.*

THE COURT: All right.

MR. KAROTKIN: 10.6 would not be applicable. Again, that's the injunction provision, *solely with respect to the pursuit of this adversary proceeding in this Court.*

THE COURT: All right. So let me hear from counsel for the plaintiffs in the adversary as to whether that solves that particular concern of yours.

. . . .

MR. COOK: . . . . No, I understand that. I think the other, I get that, *that would solve my*, I think the other term was a 10.8 but my reading of 10.8 it seemed very broad, I'm not sure that 10.8 might also impact my [indiscernible] claims.

MR. KAROTKIN: 10.8, Your Honor, as we mentioned before only applies to releases of causes of action by the debtors, it has nothing to do with what –

THE COURT: It's not third parties. I think that's been earlier represented so I think you can go by that statement.

MR. COOK: Okay, Your Honor, so to make sure I understand that if there's a carve out it would be a carve out to the Clayton Act claims to 10.2, 10.3, 10.5, and 10.6.

MR. KAROTKIN: *As I said solely to the extent related to your adversary proceeding in this Court.*

MR. COOK: <u>Yes</u>, as to my adversary, the adversary in the Northern District of California*, so the only live action is the one I have here*.

MR. KAROTKIN: So I assume you're agreeing with me.

MR. COOK: I'll tell you what I have here.

THE COURT: Lawyers have a talent for making agreements sound very hostile.

MR. COOK: I'm also looking, Your Honor.

3

>      THE COURT:  I understand Mr. Karotkin's point and I think it's a fair one to say that we're talking about litigation in one forum, and since the adversary was filed here, it would be a carve out of that adversary, and not of the adversary in California, to just clarify that its pursuit of one case and once case only.
>
>      MR. KAROTKIN: *And this complaint in this case.*
>
>      THE COURT:  Correct.
>
>      MR. COOK: *This complaint in this case, that's correct.*
>
>      . . . .
>
>      THE COURT:  All right.  I will leave the parties to work out appropriate language to address that issue.  And I appreciate the parties trying to work things out.
>
>      MR. COOK:  Thank you, Your Honor.

(Confirmation Hr'g Tr. 174-178, Aug. 15, 2013 (emphasis added).)

6. It could not be any clearer that the parties agreed, on the record at the Confirmation Hearing, to a resolution of the Clayton Plaintiffs' Plan Objection, and Mr. Cook's effort to disavow his agreement should not be countenanced by the Court. This resolution is memorialized in Paragraph 59 of the proposed Confirmation Order, which provides:

> Clayton Plaintiffs.  Notwithstanding anything to the contrary in the Plan or this Confirmation Order, (a) Sections 10.2 and 10.3 of the Plan shall not apply to the claims asserted by the plaintiffs (the "**Clayton Plaintiffs**") in the Complaint (without any amendments or modifications thereto) (Adv. Pro. No. 13-01392(SHL), Adv. Pro. ECF No. 1) (the "**Complaint**") in the adversary proceeding in the Bankruptcy Court styled *Carolyn Fjord et al. v. AMR Corporation et al.*, Adv. Pro. No. 13-01392(SHL) (the "**Clayton Adversary Proceeding**"), it being understood that Sections 10.2 and 10.3 of the Plan shall apply to any other claims asserted by the Clayton Plaintiffs, and (b) Sections 10.5 and 10.6 of the Plan shall not apply to the Clayton Plaintiffs solely with respect to their pursuit of the Complaint in the Bankruptcy Court but shall apply in any other court or forum. The Debtors, the Creditors' Committee, the other defendants in the Clayton Adversary Proceeding, and all other parties in interest reserve all of their rights to oppose the

4

Clayton Adversary Proceeding, including all of the claims asserted and relief sought therein.

7. For some reason, Mr. Cook and his colleagues believe that the procedural rules of this Court, and the integrity of the judicial process, do not apply to them and that they can simply cavalierly walk away from agreements they have made before this Court. The Debtors are prepared to honor the agreement entered into at the Confirmation Hearing and as reflected in Paragraph 59 of the proposed Confirmation Order.

8. Accordingly, the Clayton Objection to the Confirmation Order should be overruled and costs should be imposed.

WHEREFORE, the Debtors respectfully request that the Court overrule the Clayton Objection, enter the Confirmation Order, and grant the Debtors such other and further relief as is just.

Dated: New York, New York
September 9, 2013

By: /s/ Stephen Karotkin
Stephen Karotkin
Alfredo R. Pérez
Stephen A. Youngman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession