UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                                :
                                                                         :    Chapter 11 Case No.
                                                                         :
AMR CORPORATION, *et al.*,                       :    11-15463 (SHL)
                                                                         :
                                                                         :    (Jointly Administered)
                            Debtors.                       :
------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §§105(a) AND 107(b) AND FED. R. BANKR. P. 9018 AUTHORIZING THE FILING OF CERTAIN INFORMATION UNDER SEAL IN CONNECTION WITH MOTION OF DEBTORS FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 362, 364, 503(b) AND 507 AND FED. R. BANKR. P. 4001 (I) AUTHORIZING DEBTORS TO OBTAIN POSTPETITION SECURED FIRST PRIORITY AIRCRAFT FINANCING AND GRANT SECURITY INTERESTS AND LIENS WITH RESPECT THERETO AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion, dated October 2, 2013 (the "**Motion to Seal**"),[1] of AMR Corporation and its related debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for the entry of an order granting leave to file under seal certain information in connection with the Motion of Debtors for Order Pursuant to 11 U.S.C. §§ 105(a), 362, 364, 503(b) and 507 and Fed. R. Bankr. P. 4001 (I) Authorizing Debtors to Obtain Postpetition Secured First Priority Aircraft Financing and Grant Security Interests and Liens with Respect Thereto and (II) Granting Related Relief (the "**Financing Motion**"), filed contemporaneously with the Motion to Seal; and this Court having jurisdiction to consider the Motion to Seal and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due and proper notice of the Motion to Seal having been provided; and it appearing that no

---

[1]    Capitalized terms not otherwise defined herein have the meanings given them in the Motion to Seal.

1

other or further notice of the Motion to Seal need be provided; and the Court having found and determined that the relief sought in the Motion to Seal is in the best interests of the Debtors, their estates, creditors and all parties in interest, and that the legal and factual bases set forth in the Motion to Seal establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion to Seal is granted as provided herein; and it is further

ORDERED that the Debtors are authorized to file the Confidential Documents under seal pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.  The filing under seal shall remain under seal and confidential, and no such information shall be made available to anyone, other than as set forth in this Order; and it is further

ORDERED that this Order is without prejudice to the rights of any party in interest to seek to make public any portion of the Confidential Documents filed under seal pursuant to this Order; and it is further

ORDERED that the Debtors shall (i) file an unredacted copy of the Confidential Documents with the Clerk of this Court under seal in an envelope, clearly indicating that the same has been filed under seal by order of the United States Bankruptcy Court for the Southern District of New York and may not be unsealed until and unless permitted by further order of the Court and (ii) provide a courtesy copy of the Confidential Documents to chambers; and it is further

ORDERED that the Clerk of the Court shall treat the Confidential Documents as confidential and counsel for the Debtors shall contact the Clerk's Office regarding the return or disposition of the sealed Confidential Documents within ten (10) days after issuance of a final order with respect to the Financing Motion; and it is further

ORDERED that the Debtors shall maintain the Confidential Documents in their files until the final resolution of any appeals relating to the Confidential Documents; and it is further

ORDERED that prior to a final order regarding the relief requested in the Motion to Seal in its entirety, the following persons may access the Confidential Documents under the following conditions:  (a) the Court, (b) the United States Trustee for the Southern District of New York, (c) the attorneys for the UCC (but not individual committee members or professionals retained by an individual member), and (d) those persons (1) who are deemed acceptable by the Debtors, the Initial Purchasers (with respect to the Purchase Agreement) and the Class B Liquidity Provider (with respect to the Fee Letter), (2) who have executed a confidentiality agreement acceptable to the Debtors and the Initial Purchasers (with respect to the Purchase Agreement) and the Class B Liquidity Provider (with respect to the Fee Letter), and (3) who present the Clerk with a document evidencing satisfaction of the previous two conditions, signed by the Debtors, the Initial Purchasers (with respect to the Purchase Agreement) and the Class B Liquidity Provider (with respect to the Fee Letter); and it is further

ORDERED that access to the Confidential Documents, subject to the conditions set forth above, shall be for the sole purpose of determining whether the relief requested in the Financing Motion should be granted; and it is further

ORDERED that any party permitted access to the Confidential Documents shall not share any information contained therein with any third party, and any party found to have violated these conditions shall be subject to sanctions for violation of this Order; and it is further

ORDERED that this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated: New York, New York
October 17, 2013

>                             */s/ Sean H. Lane*
>                             United States Bankruptcy Judge