UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                   :

| In re | : | Chapter 11 Case No. |
|---|---|---|
|  | : |  |
| AMR CORPORATION, *et al.*, | : | 11-15463 (SHL) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

------------------------------------------------------------x

**ORDER PURSUANT TO BANKRUPTCY RULE 9019(a)
APPROVING SETTLEMENT BETWEEN DEBTORS,
US AIRWAYS, INC., AND UNITED STATES DEPARTMENT OF JUSTICE, ET AL.**

Upon the Motion, dated November 12, 2013 (the "**Motion**"),[1] of AMR Corporation and its related debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order (i) approving the Settlement between the Debtors, US Airways, Inc., and the United States Department of Justice, *et al.* (a copy of which is annexed to the Motion as **Exhibits "1" through "4"**), the Debtors' entry into and execution thereof, and authorizing the Debtors to perform all of their obligations thereunder and (ii) determining that the Settlement does not materially and adversely affect the treatment of holders of Claims and AMR Equity Interests under the Plan so as to require the re-solicitation of such holders' previous acceptances or rejections of the Plan, all as more fully described in the Motion; and upon the Clayton Plaintiffs' Opposition to the Motion (ECF No. 11292) (the "**Clayton Objection**"); *the Plaintiffs' two supporting declarations of Darren Bush (Adv. Pro. ECF No. 57-3) and Gil*

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion, the Debtors' Fourth Amended Joint Chapter 11 Plan, dated September 23, 2013 (the "**Plan**"), or the Order of the Bankruptcy Court confirming the Plan, dated October 21, 2013 (ECF Nos. 10361, 10367) (the "**Confirmation Order**").

*Messina (Adv. Pro. ECF No. 58);* the Statement of Allied Pilots Association, Association of Professional Flight Attendants and Transport Workers Union of America, AFL-CIO in Support of the Motion (ECF No. 11291); the Defendants' and Intervenor's Joint Reply to, inter alia, the Clayton Plaintiffs' Objection to the Motion (ECF No. 11305) (the "**Joint Reply**"); the Supplement to the Joint Reply (ECF No. 11312); the Declaration of Homer Parkhill in Support of the Motion (ECF No. 11298); the Declaration of Beverly K. Goulet in Support of the Joint Reply (ECF No. 11302); the Declaration of Gregg Polle in Support of the Joint Reply (ECF No. 11303); the Declaration of Stephen Johnson in Support of the Joint Reply (ECF No. 11304); the Declaration of Dennis W. Carlton in Support of the Joint Reply (ECF No. 11307); the Declaration of Daniel M. Kasper in Support of the Joint Reply (ECF No. 11308); the Declaration of Janusz Ordover in Support of the Joint Reply (ECF No. 11309); the Declaration of Sadik Huseny in Support of the Joint Reply (ECF No. 11310); and the Statement of the Ad Hoc Committee of AMR Corporation Creditors in Support of the Motion (ECF No. 11306); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing, and all of the proceedings had before the Court; and upon the decision of the Court ~~stated on the record~~ on November 27, 2013; and after due deliberation and sufficient cause appearing therefor, it is

ADJUDGED, FOUND, AND DETERMINED:

A. The granting of the relief requested in the Motion is in the best interests of the Debtors, their economic stakeholders, and all parties in interest.

B. The legal and factual bases set forth in the Motion, the Joint Reply, and all other pleadings filed in support of the Motion and at the Hearing establish just cause for the relief granted herein.

C. The Settlement is fair and reasonable, supported by sound business reasons and judgment and otherwise satisfies all of the standards applicable to approval of a settlement under Bankruptcy Rule 9019.

D. The Settlement does not materially and adversely affect the treatment of holders of Claims and AMR Equity Interests under the Plan such that the Court should require the re-solicitation of such holders' previous acceptances or rejections of the Plan.

NOW, THEREFORE, IT IS HEREBY:

ORDERED that the Motion is granted as provided herein and the Debtors' execution, entry into, and performance of all terms under, and in respect of, the Settlement are authorized and approved; and it is further

ORDERED that the Settlement and all transactions, obligations, and actions contemplated thereby or related thereto, and all of the terms and provisions thereof are approved in their entirety; and it is further

ORDERED that without limiting the foregoing, the Debtors are authorized to execute, deliver, and perform all of their obligations under, and to comply with the terms of, the Settlement, including, taking all actions reasonably necessary or appropriate to implement the

Settlement in accordance with and subject to the terms of the Settlement and the relief granted herein; and it is further

ORDERED that the Clayton Objection, as it relates to the Motion, is overruled; and it is further

ORDERED that by entering this Order, the Court takes no position as to whether the D.C. District Court should approve the Proposed Final Judgment; and it is further

ORDERED that the Settlement may be modified, amended, or supplemented by the Parties in accordance with the terms thereof, or by the D.C. District Court and without further relief from or order of this Court; and it is further

ORDERED that this Order shall be immediately effective and enforceable upon its entry and the effectiveness of this Order shall not be stayed pursuant to Bankruptcy Rule 6004(h) or otherwise; and it is further

ORDERED that, notwithstanding Paragraph 69 of the Confirmation Order, on or before the fourteenth (14th) day following the Effective Date, the Debtors shall serve notice of entry of the Confirmation Order (which, in the Debtors' discretion, may be combined with the Notice of the Effective Date) pursuant to Bankruptcy Rule 2002(f)(7), 2002(k), and 3020(c) on all creditors and equity interest holders, the U.S. Trustee, and other parties in interest, by causing the Notice of Confirmation to be delivered to such parties by first-class mail, postage prepaid; *provided, however*, that the Rule 2002 Parties (as defined in the Case Management Order) may be served with the Notice of Confirmation by e-mail.  The notice described herein is adequate under the particular circumstances, and no other or further notice is necessary.  The Debtors also shall cause the Notice of Confirmation to be published as promptly as practicable after the

Effective Date once in each of *The Wall Street Journal* (Global Edition – North America, Europe, and Asia) and *USA Today* (Monday through Thursday National); and it is further

ORDERED that notwithstanding Sections 8.7 and 8.9 of the Plan and Paragraphs 18 and 20 of the Confirmation Order, the Rejection Bar Date with respect to the executory contracts or unexpired leases rejected pursuant to the Confirmation Order shall be forty-five (45) days after the occurrence of the Effective Date; and it is further

ORDERED that the two (2) immediately preceding decretal paragraphs modify and supersede the Confirmation Order solely to the extent provided herein; and it is further

ORDERED that the Court retains jurisdiction to hear and determine any and all matters or issues arising from or related to this Order.

Dated: New York, New York
       November 27, 2013

                                        */s/ Sean H. Lane*
                                        United States Bankruptcy Judge