UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                              Chapter 11

AMR CORPORATION, *et al*.,                                          Case No. 11-15463 (SHL)

                              Reorganized Debtors.                 (Confirmed)
-----------------------------------------------------------------x

**<u>MEMORANDUM OF DECISION AND ORDER DENYING APPLICATION SEEKING
COMPENSATION FOR SUBSTANTIAL CONTRIBUTION UNDER SECTION
503(b)(3)(D) OF THE BANKRUPTCY CODE</u>**

      Before the Court is an application filed by Simon Mark Tabashnick, a shareholder of AMR Corporation, requesting compensation for services rendered and reimbursement of expenses incurred in connection with his alleged provision of a substantial contribution in these bankruptcy cases. *See* Tabashnick Appl. (ECF No. 11702).[1]  The Application is opposed by the Debtors.  *See* Debtors' Obj. (ECF No. 12124).  For the reasons set forth below, the Court finds that Mr. Tabashnick has failed to satisfy any of the requirements for payment based upon a substantial contribution under Section 503(b)(3)(D) of the Bankruptcy Code and his application is therefore denied.

## **<u>BACKGROUND</u>**

      On November 29, 2011, the Debtors commenced these cases under chapter 11 of the Bankruptcy Code.  *See* Debtors' Obj. ¶ 3.  Mr. Tabashnick was the holder of approximately 1,800 shares of stock in AMR Corporation, one of the Debtors.  *See* Exhibit A to Tabashnick Letter, dated Dec. 9, 2011 (ECF No. 293).  He attended multiple hearings in the Debtors' cases and spoke on the record on several occasions.  *See* Tabashnick Appl. at 2-3.  In December 2011 and January 2012, Mr. Tabashnick mailed letters to the U.S. Trustee requesting assistance in

---

[1]     Mr. Tabashnick's application is supported by H.G. Plog, another AMR Corporation shareholder.  *See* ECF No. 12178.

establishing an official equity committee in the bankruptcy cases. *See* Tabashnick Appl. at 2-3; Tabashnick Letter, dated Dec. 9, 2011 (ECF No. 293); Tabashnick Letter, dated Jan. 5, 2012, attached to Debtors' Opp. at Exh. B.  The Debtors opposed Mr. Tabashnick's request. *See* Debtors' Letters, dated Dec. 20, 2011 and Jan. 10, 2012, each attached to Debtors' Opp. at Exh. B.  The U.S. Trustee declined Mr. Tabashnick's request to appoint an official equity committee and in fact, no equity committee was ever appointed. *See* U.S. Trustee Letter, dated Jan. 17, 2012 (ECF 12124).

In October 2013, the Court confirmed the Debtors' Fourth Amended Joint Chapter 11 Plan, which was premised upon the merger of American Airlines and U.S. Airways.  (ECF Nos. 10361, 10367).  The Plan went effective on December 9, 2013.  On February 6, 2014, Mr. Tabashnick submitted his current request to the Court claiming that he made a substantial contribution to these cases and is therefore entitled to $10,800 as an administrative expense under Section 503(b)(3)(D) of the Bankruptcy Code. *See* Tabashnick Appl. at 3.

## DISCUSSION

### A. Legal Standard

The Bankruptcy Code provides for the payment of "the actual, necessary expenses, other than compensation" for attorneys and accountants to a "creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders" that has made a "substantial contribution" to a case.  11 U.S.C. § 503(b)(3)(D).  A substantial contribution occurs when efforts have led to an actual and demonstrable benefit to the debtor's estate, its creditors, and to the extent relevant, the debtor's shareholders. *In re Dana Corp.*, 390 B.R. 100, 108 (Bankr. S.D.N.Y. 2008) (quoting *In re U.S. Lines, Inc.*, 103 B.R. 427, 429 (Bankr. S.D.N.Y. 1989)).  Courts in the Second Circuit consider various factors when analyzing a request for

substantial contribution, including: (i) whether the services benefited a creditor, the estate itself, or all interested parties; (ii) whether the services resulted in an actual significant and demonstrable benefit to the estate; and (iii) whether the services were duplicated by the efforts of others involved in the case.  *See Trade Creditor Grp. v. L.J. Hooker Corp., Inc.* (*In re Hooker Invs., Inc.*), 188 B.R. 117, 120 (S.D.N.Y. 1995), *aff'd*, 109 F.3d 349 (2d. Cir. 1996); *In re Best Prods. Co., Inc.*, 173 B.R. 862, 865 (Bankr. S.D.N.Y. 1994).

"Inherent in the term 'substantial' is the concept that the benefit received by the estate must be more than an incidental one arising from activities the applicant has pursued in protecting his or her own interests." *Dana Corp.*, 390 B.R. at 108 (*citing Lebron v. Mechem Financial Inc.*, 27 F.3d 937, 944 (3d Cir. 1994)).  Courts have stated that services that warrant a substantial contribution award "generally take the form of constructive contributions in key reorganizational aspects, when *but for* the role of the creditor, the movement towards final reorganization would have been substantially diminished." *U.S. Lines, Inc.*, 103 B.R. at 430 (emphasis added) (quoting *In re D.W.G.K. Rest., Inc.*, 84 B.R. 684, 690 (Bankr. S.D. Cal. 1988)). "A direct benefit also cannot be established merely by a movant's extensive participation in the case or be based on services that duplicated those of professionals already compensated by the estate, such as counsel for the debtor or an official committee." *In re Bayou Grp., LLC*, 431 B.R. 549, 561 (S.D.N.Y. 2010) (holding that an applicant cannot recover for services that are duplicative of other professionals in the Chapter 11 case); *see also In re Granite Partners, L.P.*, 213 B.R. 440, 447 (Bankr. S.D.N.Y. 1997) (holding that an applicant must demonstrate a credible connection between his effort and the reorganization process).

"Compensation based on substantial contribution is designed to promote meaningful participation in the reorganization process, but at the same time, discourage mushrooming

administrative expenses. . . . Accordingly, the substantial contribution provisions must be narrowly construed . . . and do not change the basic rule that the attorney must look to his own client for payment." *Granite Partners*, 213 B.R. at 445 (citing *Best Prods.*, 173 B.R. at 865-66; *In re Alert Holdings, Inc.*, 157 B.R. 753, 757 (Bankr. S.D.N.Y. 1993); *U.S. Lines*, 103 B.R. at 429); *see also In re Villa Luisa, L.L.C.*, 354 B.R. 345, 348 (Bankr. S.D.N.Y. 2006). Thus, the burden of proof is on the applicant to demonstrate by a preponderance of the evidence that it has made a substantial contribution in the case. *See Short Pump Entm't, L.L.C. v. Randall's Island Family Golf Ctrs. (In re Randalls Island Golf Ctrs., Inc.)*, 300 B.R. 590, 598 (Bankr. S.D.N.Y. 2003); *Granite Partners*, 213 B.R. at 445; *Best Products*, 173 B.R. at 865.

### B. Substantial Contribution

In claiming a substantial contribution, Mr. Tabashnick cites to the following actions, *inter alia*, on his part: (i) writing letters and making continuous calls to shareholders, attorneys, and hedge funds; (ii) petitioning the U.S. Trustee in an attempt to establish an official committee of equity holders; (iii) attending numerous omnibus hearings; and (iv) filing an original complaint with the Securities and Exchange Commission. *See* Tabashnick Appl. at 2.

Turning to the first factor of the substantial contribution test, the Court considers whether Mr. Tabashnick's actions benefited a creditor, the estate itself, or all parties in interest. *See Hooker Invs.*, 188 B.R. at 120; *Best Prods. Co., Inc.*, 173 B.R. at 865. All of the actions of Mr. Tabashnick here are common in chapter 11 cases and are presumed to have been performed for self-interest, and not for the benefit of all parties in interest. *See Bayou Grp.*, 431 B.R. at 561; *Granite Partners*, 213 B.R. at 446; *Dana Corp.*, 390 B.R. at 108. Mr. Tabashnick's actions are, in fact, consistent with his ownership of 1,800 shares of the Debtors. Attending omnibus hearings and petitioning the U.S. Trustee to establish an official committee of equity

shareholders, for example, are actions taken to protect Mr. Tabashnick's economic interests. Such efforts, if successful, would have been beneficial to his position as a shareholder. *Dana Corp.*, 390 B.R. at 108-09 (denying a substantial contribution claim where shareholder acted to preserve its own economic interests). But such actions are not substantial contribution under Section 503 as "[t]hird parties, who generally represent only their clients' interests and only indirectly contribute to the case's administration . . . normally would not be compensated by the estate on an administrative priority basis." *Bayou Grp.*, 431 B.R. at 561. Rather, courts typically allow substantial contribution claims only when a party has "played a leadership role that normally would be expected of an estate-compensated professional but was not so performed." *Id.* at 562.

Moreover, there is no evidence that his actions satisfy the second prong of substantial contribution of providing a benefit for the estate. For example, Mr. Tabashnick wrote to the U.S. Trustee that he believed an official equity committee was appropriate because "equity holders were not materially or adequately represented by the directors and management of the debtors." *See* Tabashnick Letter, dated Jan. 5, 2012, at 2. But Mr. Tabashnick's request for an official equity committee was rejected by the U.S. Trustee. *See* U.S. Trustee Letter dated Jan. 17, 2012; *Best Prods.*, 173 B.R. at 865 (substantial contribution services must facilitate progress). His other actions fare no better as Mr. Tabashnick fails to establish how they provided any tangible benefit to the Debtors' estates. *See Granite Partners,* 213 B.R. at 447 (applicant bears the burden of proving that he has rendered a substantial contribution and "must demonstrate a 'credible connection' between its efforts and the reorganization process."); *see also Villa Luisa*, 354 B.R. at 348. Indeed, Mr. Tabashnick presents nothing more than a blanket assertion that his work made a substantial contribution within the bankruptcy hearings. *See* Tabashnick Appl. at 3.

11-15463-shl    Doc 12221    Filed 08/05/14    Entered 08/05/14 15:10:04    Main Document
Pg 6 of 7

But "[m]ere conclusory statements regarding the causation or provision of a substantial contribution are insufficient to establish that a substantial contribution has been made." *In re Asarco*, 2010 WL 3812642, at *8 (Bankr. S.D. Tex. Sept. 28, 2010) (citing *U.S. Lines*, 103 B.R. at 430)). And while the Court recognizes that Mr. Tabashnick was present at various hearings in this case, that fact is insufficient to justify a finding of substantial contribution as "[e]xtensive participation alone is insufficient to justify an award." *Granite Partners*, 213 B.R. at 445.

Mr. Tabashnick also fails to satisfy the third and final factor for a substantial contribution claim, which looks to whether his actions duplicated the efforts of others in the case. On this point, Mr. Tabashnick once again has failed to satisfy his burden of proof. He has not established that his efforts at creating value for shareholders by writing letters and attending omnibus hearings were not duplicative of the efforts by the Debtors' board, management, and employees, retained professionals, the Official Committee of Unsecured Creditors, the Consenting Creditors, and US Airways. As the court in *In re Bayou Group* observed, "proper administration of the case as a whole rarely contemplates individual creditors or even unofficial committees contributing to the case." *Bayou Group*, 431 B.R. at 561. This is because it is normally the job of the retained professionals and the Court to ensure that chapter 11 cases proceed properly and efficiently. *Id.* Thus, third parties, who generally represent only their own interests and only indirectly contribute to the case administration on an overall basis, are normally not compensated by the estate on an administrative priority basis. *Id.*

## **CONCLUSION**

For the reasons stated above, the Court finds that Mr. Tabashnick has not satisfied any of the elements of the "substantial contribution" test, including, but not limited to, that he provided an actual, necessary or demonstrable benefit to the Debtors' estates. Thus, the Court denies his application seeking $10,800 for his services and expenses pursuant to section 503(b)(3)(D) of the Bankruptcy Code.

IT IS SO ORDERED.

Dated: August 5, 2014
       New York, New York

                                      */s/ Sean H. Lane*
                                      UNITED STATES BANKRUPTCY JUDGE