| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
| ----------------------------------------------------------------x | |
| In re: | Chapter 11 |
| AMR CORPORATION, *et al.*, | Case No. 11-15463 (SHL) |
|                  Reorganized Debtors. | (Confirmed) |
| ----------------------------------------------------------------x | |

## MEMORANDUM OF DECISION AND ORDER

A P P E A R A N C E S :

WEIL, GOTSHAL & MANGES LLP
*Attorneys for Reorganized Debtors*
767 Fifth Avenue
New York, NY 10153
By:   Stephen Karotkin, Esq.
        Alfredo R. Pérez, Esq.
        Stephen A. Youngman, Esq.


MICHAEL J. FRENCH
*Pro Se*
3231 Merlin Drive
Idaho Falls, ID 83404

**SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE**

      Before the Court is the objection of the above-captioned reorganized debtors

(collectively, the "Debtors" or "American") to the claims filed by Michael J. French in the

Debtors' chapter 11 cases.  The Debtors argue that Mr. French's claims are barred by *res*

*judicata* and an injunction previously entered against Mr. French by the United States District

Court for the District of Utah.  For the reasons set forth below, the Debtors' objection is granted

and Mr. French's claims are disallowed and expunged.

**BACKGROUND**

Mr. French is a former employee of American who allegedly suffered work-related injuries on December 20, 2004. Since that time, Mr. French has been filing claims against American for workers' compensation, fraud in the handling of his workers' compensation claim, and related claims for employment discrimination and civil rights violations.

**A. Pre-Petition Actions**

In May 2005, counsel to Mr. French filed an application for a hearing with the Utah Labor Commission. He requested medical expenses, recommended care, and temporary total compensation from American for alleged injuries to his back and neck from the 2004 incident. In September 2006, an administrative law judge issued a decision finding medical causation for the back injury. *See* Findings of Fact and Conclusions of Law at 6-8, *French v. American Airlines*, Case No. 05-0466 (Utah Labor Comm'n, Adjudication Div. Sept. 27, 2006) (the "Administrative Law Decision").[1] Mr. French's claims for the neck injury were dismissed with prejudice. *See id.* American was ordered to pay Mr. French's medical expenses for the back injury and total compensation from February 4, 2005 to June 13, 2005.[2] *See id.*

Counsel to Mr. French appealed the Administrative Law Decision to the Utah Labor Commission Appeals Board. He argued, among other things, that the administrative law judge had improperly excluded evidence and committed error in making factual findings. In May 2008, the Appeals Board affirmed the Administrative Law Decision in its entirety. *See* Order

---

[1] A copy of the Administrative Law Decision is attached as Exhibit B to the Objection of Debtors Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Proof of Claim Nos. 1910, 4076, and 6461 Filed by Michael J. French [ECF No. 12052] (the "Debtors' Objection").

[2] American asserts that these amounts have been paid to Mr. French.

2

Affirming ALJ's Decision at 5, *French v. American Airlines*, Case No. 05-0466 (Utah Labor Comm'n, Appeals Bd. May 1, 2008) (the "Administrative Law Affirmance").[3]

Mr. French then appealed the Administrative Law Affirmance to the Utah State Court of Appeals (the "Utah Court of Appeals") on a *pro se* basis.[4] In July 2008, the Utah Court of Appeals dismissed the appeal *sua sponte*, holding that there was a lack of a substantial question for review because Mr. French did not actually claim error, but was instead asserting that certain "felonies" had occurred in the handling of his accident claims. *See French v. American Airlines*, Case No. 20080427, 2008 UT App. 260 (Utah Ct. App. 2008) (the "State Court Affirmance").[5]

Mr. French next filed a total of four complaints in two separate actions against American in the U.S. District Court for the District of Utah (the "District Court").[6] The District Court construed these complaints as alleging causes of action for civil rights violations, fraud, and the improper handling of Mr. French's workers' compensation claim relating to the 2004 incident. *See French v. American Airlines*, Case No. 2:08-cv-638 (TS), 2009 WL 1578288, at *3 (D. Utah June 2, 2009). American filed motions to consolidate the actions and to dismiss the complaints pursuant to Federal Rule of Civil Procedure 12(b)(6). Mr. French opposed the motions, arguing that the two actions raised distinct claims.

In June 2009, the District Court granted American's motions to consolidate the actions and dismiss the complaints (the "District Court Dismissal").[7] *See id.* at *5. With respect to case

---

[3]     A copy of the Administrative Law Affirmance is attached as Exhibit C to the Debtors' Objection.

[4]     Since his appeal of the Administrative Law Affirmance to the Utah Court of Appeals, Mr. French has appeared *pro se* in all litigation against American, including in this matter before the Court.

[5]     A copy of the State Court Affirmance is attached as Exhibit D to the Debtors' Objection.

[6]     In August 2008, Mr. French filed a complaint that initiated *French v. American Airlines*, Case No. 2:08-cv-638 (TS) (D. Utah). Mr. French filed a second and third complaint in February 2009, which were both docketed in a second action, *French v. American Airlines*, Case No. 2:09-cv-158 (TS) (D. Utah). In April 2009, Mr. French filed a fourth complaint in Case No. 2:08-cv-638.

[7]     A copy of the District Court Dismissal is attached as Exhibit E to the Debtors' Objection.

consolidation, the District Court stated that Mr. French acknowledged his complaints arose from the same set of facts, and that he was also arguing overlapping questions of law. *See id.* at *2. As for dismissal of the civil rights and fraud claims, the District Court found that Mr. French had failed to plead sufficient facts to state a claim for relief that was plausible on its face. *See id.* at *3-4. On Mr. French's assertions that American had mishandled his workers' compensation claim, the District Court stated that "[e]ven disregarding Plaintiff's failure to show a causal connection between Defendant's alleged repeated misidentification and the denial of Plaintiff's claim, Plaintiff's claim remains barred by the provisions of Utah's Workers' Compensation Act." *Id.* at *4. The court found that the Utah Workers' Compensation Act was the exclusive remedy for injuries occurring in the course of or arising out of a covered workers' employment, and therefore private actions for failures to comply with the Act were barred. *See id.* The District Court further found that certain matters were not relevant to his claim, including his assertions that his claim had been filed with the wrong insurance company and had been filed late. Finally, the District Court noted that to the extent Mr. French argued the Administrative Law Decision was procured through fraud, his remedy was with a Rule 60(b) motion to the Appeals Board. *See id.* at *5.

      Mr. French returned to the Utah Labor Commission in July 2009, filing a pleading entitled "Re-adjudication of Case No. 05-0466." Mr. French followed this with numerous pleadings and "stack[s] of documents" relating to his re-adjudication request. Order Denying Motion to Readjudicate Case at 1-2, *French v. American Airlines*, Case No. 05-0466 (Utah Labor Comm'n, Adjudication Div. Feb. 11, 2010). Mr. French asserted claims for, among other things, the untimely filing of his workers' compensation claim, identity fraud, and improper venue. *See id.* at 2. Mr. French complained that the workers' compensation claim had initially been filed in

4

Texas, and that American had delayed reporting the injury, confused Mr. French's identity, or confused his workers' compensation case with a social security case. *See id.* at 3. In February 2010, an administrative law judge entered an order denying Mr. French's request for relief because it was barred by the doctrine of *res judicata* (the "Administrative Law *Res Judicata* Order").[8] *See id.* at 4. The administrative law judge noted that the misfiling allegations raised by Mr. French with respect to his workers' compensation claim had not prevented Mr. French from having his day in court in Utah. *See id.* at 3. The judge also stated that the Utah Labor Commission did not have jurisdiction over tort or insurance fraud claims, to the extent Mr. French was seeking to have such claims adjudicated. *See id.* at 4-5.

In June 2010, Mr. French went back to the Utah District Court and filed a third action against American. He again asserted claims of employment discrimination, fraud and improper handling of his workers' compensation claim. *See French v. American Airlines, Inc.*, Case No. 2:10-cv-00527 (DB), 2010 WL 4869088, at *1 (D. Utah Nov. 2, 2010). American moved to dismiss arguing, among other things, that the complaint was barred by *res judicata*. American also sought an order enjoining Mr. French from reasserting causes of action related to his 2004 injury. Mr. French argued in opposition that the District Court needed to enforce and protect his alleged rights under the Equal Employment Opportunity Act, the Railway Labor Act and his collective bargaining agreement. *See French v. American Airlines, Inc.*, Case No. 2:10-cv-00527 (DB) [ECF Nos. 14-17, 24] (D. Utah).[9] He attached documents to his pleadings related to

---

[8]   A copy of the Administrative Law Res Judicata Order is attached as Exhibit F to the Debtors' Objection.

[9]   The Court takes judicial notice of all the pleadings filed by Mr. French on the District Court docket. *See* Fed. R. Evid. 201; *American Tissue, Inc. v. Donaldson, Lufkin & Jenrette Securities Corp.*, 351 F. Supp.2d 79, 95 n. 17 (S.D.N.Y. 2004) ("The Court can take judicial notice of matters of public record. . . including filings in related lawsuits . . . ." (citing *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000))).

5

certain grievances that he had filed with his union.[10] *See French v. American Airlines, Inc.*, Case No. 2:10-cv-00527 (DB) [ECF Nos. 10, 19] (D. Utah).  He also requested the ability to pursue examinations and other rights he alleged were provided for under the collective bargaining agreement.  *See French v. American Airlines, Inc.*, Case No. 2:10-cv-00527 (DB) [ECF No. 23] (D. Utah).

In November 2010, a Utah federal magistrate judge issued a memorandum decision recommending that the motion to dismiss and request for injunctive relief be granted (the "Report and Recommendation").[11]  *See id* at *3.  The Report and Recommendation stated that Mr. French's complaint was barred by *res judicata*, noting that his current arguments were almost identical to his previous claims and causes of action.  *See id.* at *2.  The Report and Recommendation stated that, even if Mr. French had asserted new claims, each of the claims arose from the same event or occurrence—the injury in 2004—and would therefore be barred.  *See id.*  The magistrate judge also recommended that Mr. French be enjoined from further litigation of this type:

> proceeding as a plaintiff against American Airlines, Inc. for any claims arising out of Mr. French's December 20, 2004 injury without the representation of a licensed attorney admitted to practice in this court, unless he first obtains permission to proceed *pro se*.

*Id.* at *3.  Mr. French did not file an objection to the Report and Recommendation and in November 2010, the District Court entered an order adopting the Report and Recommendation in all respects.  *See French v. American Airlines, Inc.*, Case No. 2:10-cv-000527 (DB), 2010 WL 4860374, at *1 (Dist. Utah Nov. 23, 2010) (the "Res Judicata and Injunction Order").[12]

---

[10]   American states that Mr. French does not currently have any active grievances.

[11]   A copy of the Report and Recommendation is attached as Exhibit G to the Debtors' Objection.

[12]   A copy of the Res Judicata and Injunction Order is attached as Exhibit H to the Debtors' Objection.

Mr. French appealed this decision of the District Court to the United States Court of Appeals for the Tenth Circuit. He again raised a variety of issues, including a request to pursue examinations and other rights allegedly provided under the collective bargaining agreement, and his rights under the Railway Labor Act, including that his claims were governed by the Act and therefore were subject to binding arbitration. *See* Response to the Objection and Objection to the Objection of Debtors by Michael J. French, Ex. M [ECF No. 12106-14]. The Tenth Circuit subsequently issued an order and judgment affirming the lower court ruling and denying as moot all of Mr. French's appellate submissions. The Tenth Circuit noted that Mr. French "raised the same claims dismissed in his earlier pleadings and against the same parties. He had his day in court." *French v. American Airlines, Inc.*, 427 Fed. App'x 666, 669-70 (10th Cir. 2011) (the "Federal Affirmance").[13] In ruling that the District Court did not abuse its discretion in entering an injunction against Mr. French, the Tenth Circuit stated that the "district court has power under 28 U.S.C. § 1651(a) to enjoin litigants who abuse the court system by harassing their opponents." *Id.* at 669. The Tenth Circuit concluded that Mr. French's "frivolous filings have needlessly caused [American] to expend substantial time and effort and needlessly burdened the courts. Enough is enough." *Id.* at 670.

B. **Bankruptcy Proceedings**

On November 29, 2011, the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On March 22, 2012, Mr. French filed a claim against AMR Corporation in the amount of $1,604,800, designated on the Debtors' claims register as Claim No. 1910 (the "First Claim"). The First Claim attached no supporting documentation and listed the basis for the claim as "Injury, Goods sold, Retrain." On June 8, 2012, Mr. French submitted

---

[13]    A copy of the Federal Affirmance is attached as Exhibit I to the Debtors' Objection.

7

a document entitled "Admission of Medical Records That Need to be Added to the File # 1910." The document was treated by the Debtors as a new proof of claim filed against American Airlines, Inc. in the liquidated amount of $4,049.00, and was designated as Claim No 4076 (the "Second Claim"). On July 9, 2012, Mr. French filed an additional claim against AMR Corporation in the liquidated amount of $2,846,651.10, designated as Claim No. 6461 (the "Third Claim," and together with the First Claim and the Second Claim, the "Claims"). In the Third Claim, $1,300,000 of the total amount was asserted as a priority claim under Section 507(a)(4) of the Bankruptcy Code.

The Debtors filed the Objection to the Claims on May 22, 2014 [ECF No. 12052], arguing that the Claims were barred by *res judicata*. Mr. French filed a response on June 23, 2014 [ECF No. 12106], attaching various documents and medical records and the Debtors filed a reply [ECF No. 12137]. A hearing was held before this Court on July 1, 2014, where Mr. French appeared and argued on a *pro se* basis [ECF No. 12182].

## DISCUSSION

"Under the doctrine of *res judicata*, or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). *Res judicata* is meant to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *See Allen v. McCurry*, 449 U.S. 90, 94 (1980). *Res judicata* applies where an earlier decision was "(1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or

8

their privies, and (4) involving the same cause of action." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007).

As to the first and second requirements, the Court finds that the prior decisions at issue constituted final judgments on the merits by courts of competent jurisdiction. *See Greenberg v. Bd. of Governors of Fed. Reserve Sys.*, 968 F.2d 164, 168 (2d Cir. 1992) ("*Res judicata* applies to judgments by courts and by administrative agencies acting in an adjudicative capacity.") To the extent that any of the prior decisions were appealed by Mr. French, those appeals have been denied and there are no other pending appeals as far as this Court is aware. While some of the prior decisions involved dismissal of Mr. French's claims—as opposed to a full litigation of the issues to final determination—they are still entitled to *res judicata*. When no appeal has been filed, a decision granting a motion to dismiss for failure to state a claim is entitled to *res judicata* effect. *See Kirschner v. Agoglia*, 476 B.R. 75, 79 (S.D.N.Y. 2012) (citing *Teltronics Servs. V. L.M. Ericsson Telecomm., Inc.*, 642 F.2d 31, 34-35 (2d Cir. 1981)).

The third requirement of *res judicata* is satisfied because the Claims raise issues that clearly involve the same parties—Mr. French and American—as all of Mr. French's prior litigation.

As to the fourth and final requirement, the Court finds that the Claims involve the same causes of action as were addressed in the prior decisions. "[T]here must be identity of causes of action . . . which means that the second action must involve the same 'claim' or nucleus of operative fact' as the first." *Celli v. First Nat'l Bank of Northern New York (In re Layo)*, 460 F.3d 289, 292 (2d Cir. 2006). Mr. French's response to the Debtors' Objection to his Claims raises numerous issues, but all of them have previously been raised and/or addressed, as referenced in the numerous decisions issued in his previous litigations or prior court filings he

has made before those courts.  As noted above, the Utah Labor Commission, the District Court and the Tenth Circuit have already held that the same causes of action asserted in the Claims are barred by *res judicata*.  *See* Administrative Law Res Judicata Order at 2-3; 2010 WL 4869008, at *2; 2010 WL 4860374, at *1; 427 Fed. App'x at 669-70.

       Mr. French attaches copies of medical records and insurance claims related to his injury, but his entitlement to workers' compensation has already been decided by the Utah Labor Commission.  He attaches copies of old grievances, but these were already submitted to the Utah federal courts.  He again raises a myriad of issues regarding the improper filing of his workers' compensation claims, but these have also been addressed in prior state and federal court decisions.  Mr. French again asserts rights that he believes he has under his collective bargaining agreement and the Railway Labor Act.  He argues that the Railway Labor Act requires his claims to be arbitrated.  But Mr. French specifically acknowledged at the hearing before this Court that the same issue was adjudicated by the District Court.  *See* Hr'g Tr. 80:15-81:13 (July 1, 2014).  As discussed above, these are all claims that were raised in his prior litigation before the Utah Labor Commission Board and the Utah federal and state courts.

       Furthermore, as stated in the Report and Recommendation, to the extent that any of these claims are new, they would still be barred by *res judicata*.  The Second Circuit takes a transactional approach to *res judicata*.  *See Marvel Characters v. Simon*, 310 F.3d 280, 287 (2d Cir. 2002).  Under this approach, a second action will be barred when it "concern[s] the transaction, or series of connected transactions, out of which the [first] action arose. . . This principle prevents a plaintiff from litigating claims that were or could have been raised in a prior action against the same defendant. . . Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *Cieszkowska v. Gray Line New*

10

*York*, 295 F.3d 204, 205 (2d Cir. 2002). The issues raised by Mr. French in his Claims clearly arise from the 2004 incident and the subsequent handling of his workers' compensation claim. They are therefore barred by *res judicata*. *See In re Residential Capital*, LLC, 507 B.R. 477, 493 (applying *res judicata* to disallow a proof of claim and stating that the fourth prong of the *res judicata* test was met because the claim was "based upon the same nucleus of facts that were or could have been alleged in the [prior proceeding], and the claim relies upon the same [evidence] . . . ."); *In re Dewey & Leboeuf LLP*, 2014 WL 201586, at *4 (Bankr. S.D.N.Y. Jan. 16, 2014).

## CONCLUSION

For the reasons set forth above, Mr. French's Claims are barred by *res judicata* and the Court cannot revisit issues that have been fully and finally adjudicated by the various courts and tribunals in Utah. The Debtors' Objection is therefore granted and the Claims are disallowed and expunged.

IT IS SO ORDERED.

Dated: New York, New York
       October 9, 2014

                                             */s/ Sean H. Lane*
                                             UNITED STATES BANKRUPTCY JUDGE