UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------X
In re:                                    :        Chapter 11
                                          :
AMR CORPORATION, *et al.*,                :        Case No. 11-15463 (SHL)
                                          :
            Reorganized Debtors.          :        (Confirmed)
                                          :
--------------------------------------------------------X

## MEMORANDUM DECISION AND ORDER

**SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is Mr. Stephen C. Davidson's motion [ECF No. 12455] seeking to

challenge the Memorandum Decision and Order of January 28, 2015 [ECF No. 12421] (the

"Decision") that disallowed and expunged his proof of claim number 7670 (the "Claim") under

the doctrine of *res judicata*.[1]  *See In re AMR Corp.*, 2015 WL 397750, at *6 (Bankr. S.D.N.Y.

Jan. 29, 2015).  As explained below, the motion is denied.

## BACKGROUND

**Procedural History**

In July 2012, Mr. Davidson filed his Claim against American for $16,466,000 in damages

arising out of three workplace incidents that are more fully described in the Decision.  American

objected to Mr. Davidson's Claim in its 154th Omnibus Objection to Claims, arguing that his

Claim is barred by the doctrine of *res judicata* in light of litigation filed by Mr. Davidson in

---

[1]    Mr. Davidson's motion is entitled "Request [for an] Emergency Hearing and / or Clarification [and] for
Possible Correction to the Unsigned / not Finalized January 29th 2015 Proposed Memorandum Decision and Order"
[ECF No. 12455].  As the Decision was signed on January 28 and filed on January 29, it was final before
Mr. Davidson filed his February 10, 2015 request.  But given the content of his motion, the Court construes it as a
challenge to the conclusions reached in the Decision.  *See Rupert v. Krautheimer* (*In re Krautheimer*), 210 B.R. 37,
41-42 (Bankr. S.D.N.Y. 1997) (*pro se* is held to "less stringent standards than formal pleadings drafted by
lawyers"); *See* Hr'g on June 30, 2015 at 11:14 a.m. (noting that the Court will construe Mr. Davidson's motion as a
request for reconsideration).

Florida.  *See* 154th Omnibus Objection ("American's Objection") [ECF No. 12048].

Mr. Davidson filed a response and requested additional information.  *See* Davidson's Response

[ECF No. 12090].  After American replied, Mr. Davidson filed another request for information.

*See* American's Reply [ECF No. 12136]; Davidson's Request for Information [ECF No. 12337].

The Court held a hearing on American's Objection and to address Mr. Davidson's requests on

December 4, 2014, at which Mr. Davidson appeared and argued on a *pro se* basis.

     In January 2015, the Court entered its Decision disallowing and expunging Mr.

Davidson's Claim.  The Court concluded that Mr. Davidson's Claim was barred by state court

litigation in Florida where a final judgment had been issued on the merits for the same causes of

action that Mr. Davidson now asserts in his Claim in this bankruptcy.  Decision at 6-11.

     The following month, Mr. Davidson filed this motion.  In April 2015, Mr. Davidson filed

another letter with the Court regarding a letter he had sent to an employee at American—

Ms. Julianna Gallo—regarding a conversation they allegedly had on April 9, 2015.  *See* Letter

from Mr. Davidson to Ms. Gallo (April 10, 2015) (the "Employee Status Letter") [ECF No.

12536].  In the Employee Status Letter, Mr. Davidson asserts that Ms. Gallo confirmed to Mr.

Davidson that he is a current employee and out on disability leave, and that he is not "separated

from" American.  *Id*.

     Mr. Davidson's motion raises four points: (i) Footnote 17 of the decision is incorrect

because there is proof that American "accepted compensability for" his "cervical spine injury"

resulting from an "injury-on-duty" and his "victory in Workers' Compensation court."  *See*

Motion at 2-5 (citing Exhibits B and C relating to his workers' compensation proceeding).;

(ii) Mr. Davidson is an employee at American and the characterization of Mr. Davidson as "a

former employee of American" will block Mr. Davidson from being an American employee in

any capacity, *see* Motion at 3-4; (iii) American is responsible for the obligations of a separate legal entity that handles certain long-term benefits, *see* Motion at 5; and (iv) Mr. Davidson's grievance appeal process was "improperly and possibly illegally shut down" by American.  *See* Motion at 8.  Mr. Davidson attached eleven exhibits to his motion, *see* Motion, Exs. A-K, and after reviewing each of them, only Exhibits B, C, and K appear relevant to Mr. Davidson's points.

## DISCUSSION

I.    **Legal Standard for Reconsideration of the Disallowance of a Claim**

"Under Section 502(j) of the Bankruptcy Code, '[a] claim that has been allowed or disallowed may be reconsidered for cause.'"  *See In re Residential Capital, LLC*, 2015 WL 1598090, at *5 (Bankr. S.D.N.Y. Apr. 9, 2015) (quoting 11 U.S.C. § 502 (j)).  The Bankruptcy Code does not define "cause," but when deciding a motion under Section 502(j), the court applies the same analysis that it would to alter or amend a judgment under Federal Rule of Bankruptcy Procedure 9023, or—depending on the timing of the filing—to grant relief from a final judgment, order, or proceeding under Federal Rule of Bankruptcy Procedure 9024.  *See id.* (citations omitted).  Bankruptcy Rules 9023 and 9024 incorporate Federal Rules of Civil Procedure 59 and 60, respectively. [2]

To obtain relief by motion to alter or amend a judgment pursuant to Federal Rule 59(e), "[t]he movant must show that the court overlooked controlling decisions or factual matters 'that might materially have influenced its earlier decision.'"  *In re Best Payphones, Inc.*, 2007 WL 203980, at *5 (Bankr. S.D.N.Y. Jan. 24, 2007) (citations omitted).  "'Alternatively, the movant

---

[2]    "Bankruptcy Rule 9023 incorporates [Federal Rule of Civil Procedure] 59, which allows a party to move to alter or amend a judgment.  Bankruptcy Rule 9024 incorporates [Federal Rule of Civil Procedure] 60, which authorizes relief from a final order under certain circumstances."  *In re Residential Capital, LLC*, 2015 WL 1598090, at *5 (citations omitted).

must demonstrate the need to correct a clear error or prevent manifest injustice.'" *Id.* (quoting

*Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y. 1999)).  "These criteria

are strictly construed against the moving party so as to avoid repetitive arguments on issues that

have been considered fully by the court."  *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d at

368 (citing *Monaghan v. SZS 33 Assocs.*, 153 F.R.D. 60, 65 (S.D.N.Y. 1994)).

> Relief under Rule 60 has a similarly high standard:

> > "A motion for relief from judgment is generally not favored and is
> > properly granted only upon a showing of exceptional
> > circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d
> > 370, 391 (2d Cir. 2001).  "The burden of proof is on the party
> > seeking relief from judgment." *Id.*  Whether to grant a motion for
> > relief under Rule 60(b) is within the discretion of the court.
> > *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citing *Montco,
> > Inv. v. Barr (In re Emergency Beacon Corp.*, 666 F.2d 754, 760
> > (2d Cir. 1981)).  Rule 60(b) "'is not a substitute for a timely appeal
> > . . . .'" *Frankel v. ICD Holdings S.A.*, 939 F.Supp. 1124, 1127
> > (S.D.N.Y. 1996) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d
> > Cir. 1986)).  Additionally, "Rule 60(b) may not be used to
> > 'relitigate matters settled by the original judgment.'" *Frankel*, 939
> > F. Supp. at 1127 (quoting *Donovan v. Sovereign Sec. Ltd.*, 726
> > F.2d 55, 60 (2d Cir. 1984)).

*In re Terrestar Networks, Inc.*, 2013 WL 781613, at *3 (Bankr. S.D.N.Y. Feb. 28, 2013).

## II.    Relief is Not Warranted Here

The Court concludes that Mr. Davidson has not satisfied the requirements for revisiting

the Decision under either Rule 59 or Rule 60.  Mr. Davidson has not suggested that the Court

overlooked controlling decisions that might have materially influenced the Decision.  But he

does point to certain factual matters that he suggests would have materially influenced the

Decision.  But none of the information provided in the motion would affect the Court's

conclusions that his Claim is barred by *res judicata*.  Mr. Davidson also failed to articulate any

exceptional circumstances that warrant reconsideration.

Several specific points raised by Mr. Davidson merit specific comment.  First, Mr. Davidson's motion misconstrues the content of footnote 17 in the Decision.  There was no dispute before the Court about whether American accepted compensability for Mr. Davidson's cervical injury.  Rather, the question was whether American's acceptance of compensability for a physical injury to his cervical spine triggered the amounts sought in the Claim for certain long term disability benefits, paid sick time, or paid salary.  As to that point, Mr. Davidson was unable to establish his entitlement to the additional amounts sought in the Claim.  *See In re AMR Corp.*, 2015 WL 397750, at *5 n.17.[3]

As to the question of Mr. Davidson's current employment status, the Court's Decision did not in any way rely upon whether Mr. Davidson still works for American.  Rather, the basis for the Decision was whether the causes of action he raises in his Claim were previously adjudicated by another court in Florida.  In any event, the Employment Status Letter from American should alleviate any concern that Mr. Davidson has regarding the status of his employment with American.

---

[3]    As footnote 17 of the Decision explained:

> At the hearing, Mr. Davidson appeared to identify another basis why he must be entitled to proceed with his claim. Mr. Davidson stated that American had accepted compensability of his cervical injury in 2007 as a result of the First Incident, which he believed triggered "benefits for long-term disability, as well as paid sick time, as well as full [] salary for a period of time," pursuant to American's employee handbook and collective bargaining agreement. (Hr'g Tr. 46:14-47:5). However, Mr. Davidson failed to produce any evidence that the acceptance of compensability for his cervical injury, particularly in light of the full adjudication of his Florida state court case, triggered anything beyond the benefits he currently receives.

*In re AMR Corp.*, 2015 WL 397750, at *5 n. 17.

## **CONCLUSION**

For the reasons set forth above, the Court denies Mr. Davidson's request for

reconsideration of its Decision.


Dated: July 10, 2015
        New York, New York


                                    _/s/ Sean H. Lane_____
                                    UNITED STATES BANKRUPTCY JUDGE