UNITED STATES BANKRUPTCY COURT                NOT FOR PUBLICATION
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re:                                                        Chapter 11

AMR CORPORATION, *et al.*,                                    Case No. 11-15463 (SHL)

                              Reorganized Debtors.            (Confirmed)
-------------------------------------------------------------------x

## MEMORANDUM OF DECISION AND
## ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is the motion [ECF No. 12637] (the "Motion") of Stephen C. Davidson

to revisit two decisions previously issued by this Court.  The first decision disallowed and

expunged his proof of claim in the above-captioned Chapter 11 cases.  The second denied Mr.

Davidson's request for reconsideration of the Court's prior decision expunging his claim.  For

the reasons set forth below, the Motion is denied.

## BACKGROUND

On July 12, 2012, Mr. Davidson filed Claim No. 7670 in the amount of $16,466,00 for

damages arising from his employment with the debtors (the "Debtors" or "American").  The

primary basis for his claim was three alleged incidents of assault and battery upon Mr. Davidson

by a training instructor at American.  (Hr'g Tr. 36:18-43:10, Dec. 4, 2014) [ECF No. 12371].

Mr. Davidson also raised issues related to grievances that he filed with American and the Allied

Pilots Association, as well as disability benefits.

In January 2015, the Court issued a decision disallowing and expunging Mr. Davidson's

claim.  *See* Memorandum of Decision and Order, dated January 28, 2015 [ECF No. 12421] (the

"Claim Objection Decision").  The Court concluded that his claim was barred by the doctrine of

res judicata given a final judgment issued in a state court litigation in Florida on the merits for

the same causes of action that Mr. Davidson asserted in his claim.  *See* Claim Objection Decision

at 6-11.  The Court also addressed certain issues raised by Mr. Davidson with respect to

grievances that he filed with American and the Allied Pilots Association, as well as disability

benefits.  *See* Claim Objection Decision at 9 n. 16 and 11 n.17.  The Court subsequently denied

Mr. Davidson's request to revisit that decision, holding that Mr. Davidson had not satisfied the

requirements under Rules 59 or 60 of the Federal Rules of Civil Procedure.  *See* Memorandum of

Decision and Order, dated July 10, 2015 [ECF No. 12585] (the "Reconsideration Decision").

Among other things, the Reconsideration Decision concluded that none of the information

provided by Mr. Davidson would have affected the Court's conclusion that his claim was barred

by res judicata and that Mr. Davidson had also failed to articulate any exceptional circumstances

to warrant relief.  *See id.*

## DISCUSSION

Mr. Davidson once again fails to satisfy the requirements for relief under both Rules

59(e) and 60(b) of the Federal Rules of Civil Procedure, which are made applicable in this case

through Bankruptcy Rules 9023 and 9024, respectively.[1]  The standard for granting a motion to

alter or amend a judgment under Federal Rule 59(e) is "strict, and reconsideration will generally

be denied unless the moving party can point to controlling decisions or data that the court

overlooked."  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)

(quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  "Motions for

reconsideration and to amend or alter judgment serve a limited function—to correct manifest

errors of law or fact or to present newly discovered evidence."  *In re Pothoven*, 84 B.R. 579, 582

(Bankr. S.D. Iowa 1988); *see also Cioce v. County of Westchester*, 128 F. App'x 181, 185 (2d

---

[1]      Local Bankruptcy Rule 9023-1, which governs motions for reargument, states that "[n]o oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re-argued orally."  Local Bankruptcy Rule 9023-1(a).  The Court has decided the Motion based on the papers before it and concludes that oral argument is neither necessary nor appropriate under the circumstances.

Cir. 2005); *In re Crozier Bros., Inc.*, 60 B.R. 683, 687 (Bankr. S.D.N.Y. 1986). But "a motion

for reconsideration is neither an occasion for repeating old arguments previously rejected nor an

opportunity for making new arguments that could have been previously advanced." *Associated

Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Reconsideration is "an

extraordinary remedy to be employed sparingly in the interests of finality and conservation of

scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614

(S.D.N.Y. 2000) (citations omitted). The burden rests with the movant. *See Crozier*, 60 B.R. at

688.

Rule 60(b) provides that the Court may relieve a party from a final judgment, order or

proceeding due to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have
> been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
> misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an
> earlier judgment that has been reversed or vacated; or applying it prospectively is
> no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion for relief from judgment is generally not favored and is

properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd.

of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) "The burden of proof is on the party seeking

relief from judgment." *Id.* Whether to grant a motion for relief under Rule 60(b) is within the

discretion of the court. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citing *Montco, Inv. v.

Barr (In re Emergency Beacon Corp.)*, 666 F.2d 754, 760 (2d Cir. 1981)). "In no circumstances

. . . may a party use a Rule 60(b) motion as a substitute for an appeal it failed to take in a timely

fashion." *Stevens*, 676 F.3d at 67 (citing *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d

3

Cir. 2009); *see also Fleming v. New York Univ.*, 865 F.2d 478, 484-85 (2d Cir. 1989) ("[A] Rule

60(b)(3) motion cannot be granted absent clear and convincing evidence of material

misrepresentations and cannot serve as an attempt to relitigate the merits.").

Mr. Davidson does not satisfy the standard for relief under either Rule 59(e) or Rule

60(b).  In his current Motion, Mr. Davidson believes the Court has overlooked controlling

factors, documents, information and decisions that would change the outcome of the Claim

Objection Decision and the Reconsideration Decision.  *See* Motion at 1.  Mr. Davidson's Motion

mainly covers his arguments about the grievance and the benefits process at American.  But Mr.

Davidson has previously raised issues regarding the grievance and benefits process before this

Court, both in the objection to his claim and his prior request for reconsideration.  *See*, e.g., Hr'g

Tr. 45:6-49:8, Dec. 4, 2014 [ECF No. 12371]; *Stephen Davidson's Request [for] a Emergency*

*Hearing and/or Clarification for Possible Correction to the Unsigned/not Finalized January 29th*

*2015 Proposed memorandum Decision and Order* [ECF No. 12455]; Claim Objection Decision

at 9 n. 16 and 11 n.17; Reconsideration Decision at 2-3, 5.  Indeed, Mr. Davidson specifically

notes in his Motion that "[a]ll documents and [i]nformation has previously been provided to this

Honorable Court and AA Attorney Stephen A. Youngman's Legal Team."  Motion at 1.  Thus,

Mr. Davidson has presented no new evidence that satisfies the requirements of either Rule 59 or

60.  To the extent that Mr. Davidson raises new arguments, it is inappropriate for this Court to

consider them in this second motion for reconsideration.[2]  *See Tonga Partners*, 684 F.3d at 52

("'It is well settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case

under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the

---

[2]     For example, Mr. Davidson now argues for the first time that the lawyer who represented him in the Florida
state court litigation was disbarred and that this prevented him from continuing to pursue his Florida state court
action.  But as noted in the Claim Objection Decision, Mr. Davidson's remedy for any problems in his Florida case
rests with the Florida state courts.  *See* Claim Objection Decision at 10.

apple.'") (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).[3]  Similarly, he

has not demonstrated exception circumstances or mistake, inadvertence, surprise or excusable

neglect to satisfy Rule 60(b).  *See Frankel v. ICD Holdings S.A.*, 939 F. Supp. 1124, 1127

(S.D.N.Y. 1996) (Rule 60(b) "is not 'a substitute for a timely appeal. . . .'") (quoting *Nemaizer v.*

*Baker*, 793 F.2d 58, 61 (2d Cir. 1986)); *Frankel*, 939 F. Supp. at 1127 ("Rule 60(b) may not be

used to 'relitigate matters settled by the original judgment.'") (quoting *Donovan v. Sovereign*

*Sec., Ltd.*, 726 F.2d 55, 60 (2d Cir. 1984)).

For the same reasons, the Motion also does not satisfy the requirements of Section 502(j)

of the Bankruptcy Code, Federal Bankruptcy Rule 3008 and Local Bankruptcy Rule 3008-1,

which relate to the reconsideration of claims that were previously disallowed.[4]  *See In re Best*

*Payphones, Inc.*, 2008 Bankr. LEXIS 2555, at *5 (Bankr. S.D.N.Y. July 3, 2008).  Under Section

502(j), "[a] claim that has been allowed or disallowed may be reconsidered for cause."  11

U.S.C. § 502(j).  "Cause" is not defined by the Bankruptcy Code, but

> when deciding a motion under section 502(j) of the Bankruptcy Code -- a motion
> for reconsideration of a prior order -- the court should apply the same analysis that
> it would to a motion under Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P.
> 59) or Fed. R. Bankr. P. 9024 (incorporating Fed. R. Civ. P. 60), depending on
> whether the movant, as here, sought reconsideration within ten days after the entry
> of the order disallowing the claim, or did so only later.

---

[3]       Mr. Davidson's Motion is also untimely under Rule 59.  Bankruptcy Rule 9023, which incorporates Federal
Rule 59, requires that "[a] motion . . . to alter or amend a judgment . . . be filed . . . no later than 14 days after entry
of judgment." Fed. R. Bankr. P. 9023.  Mr. Davidson's Motion is dated October 5, 2015, approximately nine months
after the Court entered the Claim Objection Decision expunging the claim and four months after it issued the
Reconsideration Decision.

[4]       Like Local Bankruptcy Rule 9023-1, Local Bankruptcy Rule 3008-1 states that "[n]o oral argument shall be
heard on a motion to reconsider an order of allowance or disallowance of a claim unless the Court grants the motion
and specifically orders that the matter be reconsidered upon oral argument.  If a motion to reconsider is granted,
notice and a hearing shall be afforded to parties in interest before the previous action taken with respect to the claim
may be vacated or modified." Local Bankr. R.3008-1.  As noted above, the Court decides the Motion based on the
papers before it and concludes that oral argument is not appropriate.

*In re Coudert Bros. LLP*, 2009 Bankr. LEXIS 2602, *5-*6 (Bankr. S.D.N.Y. Sept. 8, 2009),

*rev'd on other grounds*, 673 F.3d 180, 2012 U.S. App. LEXIS 4019 (2d Cir. 2012) (citing *In re*

*Enron Corp.*, 352 B.R. 363, 367-68 (Bankr. S.D.N.Y. 2006) (if a motion to reconsider an order

disallowing a claim is filed within ten days after entry of the order, it is analogous to a motion

under Fed. R. Bankr. P. 9023 and should be governed by the same principles as a motion under

Fed. R. Civ. P. 59; if filed later, it should be considered as if it were a motion under Fed. R. Civ.

P. 60); *In re Aguilar*, 861 F.2d 873, 875 (5th Cir. 1988); *In re Pt-1 Communs., Inc.*, 412 B.R. 85,

2009 Bankr. LEXIS 2389, at *5 (Bankr. E.D.N.Y. Aug. 28, 2009); *In re Best Payphones*, 2008

Bankr. LEXIS 2555 at *6-8; *In re Wyatt, Inc.*, 168 B.R. 520, 522 n.2 (Bankr. D. Conn. 1994)).

Reconsideration of a claim lies within the discretion of the court.  *See id.* (quoting Fed. R. Bankr.

P. 3008 advisory committee's note (1983)); *see also Colley v. National Bank of Texas (In re*

*Colley)*, 814 F.2d 1008, 1010 (5th Cir.)).

## CONCLUSION

For all the reasons set forth above, the Motion is denied.

**IT IS SO ORDERED.**

Dated: New York, New York
February 18, 2016

*/s/ Sean H. Lane*
UNITED STATES BANKRUPTCY JUDGE

6