UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

AMR CORPORATION, *et al.*,

           Reorganized Debtors.
------------------------------------------------------------x

Chapter 11

Case No. 11-15463 (SHL)

Confirmed

## MEMORANDUM OF DECISION AND ORDER

Before the Court are two motions filed by Lawrence M. Meadows in the above-captioned cases of American Airlines, Inc. ("American") and its related debtor entities (collectively, the "Reorganized Debtors"). The first is a request by Mr. Meadows to temporarily stay this Court's *Order Granting Reorganized Debtors' Motion to Estimate Maximum Amount of Proof of Claim No. 9676 Under Bankruptcy Code Sections 105(a) and 502(c)* [ECF No. 13361][1] (the "Estimation Order") for a period of no less than 14 days. *See Creditor Lawrence M. Meadows Motion to Stay Entry of Order Granting Reorganized Debtors' Motion to Estimate Maximum Amount of Proof of Claim No. 9676 Under Bankruptcy Code Sections 105(a) and 502(c)* [ECF No. 13362] (the "Stay Motion"). The second motion is a request for reconsideration of the Estimation Order and also includes an additional request for a stay of the Estimation Order pending appeal. *See Creditor Lawrence M. Meadows' Motion for Reconsideration of Order Signed on 9/8/2021, Granting Debtor's Motion to Estimate Maximum Amount of Proof of Claim No. 9676 Under Bankruptcy Code Sections 105 (A) and 502 (C) (Doc 13361) Filed Pursuant to Fed. R. Bnkr. [sic] P. Rule 9023, Seeking a New Trial or to Amend Judgement [sic] of Court's Order; and Motion to Stay any Subsequent Orders Approving a Final Distribution or Final*

---

[1]     Unless otherwise indicated, references to the Case Management/Electronic Case Filing ("ECF") docket are to Case No. 11-15463.

*Decree Closing These Proceedings, Pending Full Resolution of This Motion and Any Associated Appeals* [ECF No. 13365] (the "Reconsideration Motion"). For the reasons set forth below, the Estimation Motion and the Stay Motion are both denied.

## DISCUSSION

Familiarity with the underlying facts of this matter is presumed, including with this Court's prior Memorandum of Decision granting the Reorganized Debtors' request for estimation. *See In re AMR Corp.*, 2021 Bankr. LEXIS 1867 (Bankr. S.D.N.Y. Jul. 14, 2021) (the "Estimation Decision"). But some background is necessary for today's ruling.

On March 2, 2021, the Reorganized Debtors filed a motion under Section 502(c) of the Bankruptcy Code to estimate the amount of Claim No. 9676, which was filed by the U.S. Equal Employment Opportunity Commission (the "EEOC") in the Reorganized Debtors' bankruptcy cases. *See Reorganized Debtors' Motion to Estimate Maximum Amount of Proof of Claim No. 9676 Under Bankruptcy Code Sections 105(a) and 502(c)* [ECF No. 13289] (the "Estimation Motion"). The Estimation Motion requested that the Court estimate the maximum amount of the EEOC claim at $9.95 million, which matched the settlement amount (the "Consent Decree") agreed to by the parties in an action brought by the EEOC against American in the United States District Court for the District of Arizona (the "EEOC Lawsuit"). *See In re AMR*, 2021 Bankr. LEXIS 1867, at *1-4. The Arizona District Court had previously approved the Consent Decree in November 2017. *See id*. Mr. Meadows, a former pilot for American, filed an appeal in the EEOC Lawsuit but the Court of Appeals for the Ninth Circuit affirmed the Arizona District Court. *See id*.

After approval of the Consent Decree by the Arizona District Court, the Reorganized Debtors sought approval of the same settlement in this Court under Federal Rule of Bankruptcy

2

Procedure 9019(a).  *See Motion of Debtors for Entry of Order Pursuant to Fed. R. Bankr. P. 9019(a) Approving Settlement Agreement Resolving Certain Pending EEOC Litigation* [ECF No. 12861] (the "Settlement Motion").  This Court granted the Settlement Motion and entered an order approving the Consent Decree in May 2018.  *See Agreed Order Pursuant to Fed. R. Bankr. P.9019(a) Approving Settlement Agreement Resolving Certain Pending EEOC Litigation* [ECF No. 12898] (the "Settlement Order").  Mr. Meadows filed an appeal of the Settlement Order, which is currently pending in the District Court for the Southern District of New York.  *See Notice of Appeal of Creditor Lawrence M. Meadows* [ECF No. 12912]; *Meadows v. AMR Corp. (In re AMR Corp.)*, No. 18-06149 (RA) (S.D.N.Y. July 6, 2018).  Because the Settlement Order is still on appeal in the Southern District of New York, the Consent Decree has not yet become effective.[2]  As a result, there has been no distribution by the Reorganized Debtors for the benefit of the potential claimants under the Consent Decree.  In addition, the delay in the Consent Decree becoming effective has prevented any further distributions in the Reorganized Debtors' bankruptcy proceeding due to the need to hold monies in reserve with respect to the EEOC's claim.  *See* Hr'g Tr. 30:14-20 (June 7, 2021) [ECF No. 13335] (the "Estimation Hearing") (noting that other claimants, primarily old equity, have been waiting for a distribution).

Given the delay in distributions in the bankruptcy cases caused by the appeal of the Settlement Order, the Reorganized Debtors decided to seek Court approval to estimate the EEOC claim using the number that the parties had reached in their settlement.  As he had with the Settlement Order, Mr. Meadows opposed the Estimation Motion.  *See Creditor Lawrence M. Meadows Response and Objection to Reorganized Debtors' Motion to Estimate Maximum*

---

[2]     Under the terms of the parties' settlement, Consent Decree does not become effective—and thus, the EEOC's claim will remain pending on the claims register in an unliquidated amount—until the Settlement Order is final and non-appealable.  *See In re AMR*, 2021 Bankr. LEXIS 1867, at *5.  The final and non-appealable requirement applies to both the proceedings before the Arizona District Court and the proceedings before this Court.

3

*Amount of Proof of Claim No. 9676 Under Bankruptcy Code Sections 105(a) & 502(c)* [ECF No. 13297].  An evidentiary hearing on the Estimation Motion was held before this Court on June 7, 2021.  *See generally* Estimation Hearing Tr.  On July 14, 2021, this Court issued the Estimation Decision, which denied Mr. Meadows' objection and approved the Estimation Motion.  *See generally In re AMR Corp.*, 2021 Bankr. LEXIS 1867.

### A. Reconsideration

The Reconsideration Motion seeks relief under Rule 9023 of the Federal Rules of Bankruptcy Procedure, which makes Rule 59(e) of the Federal Rules of Civil Procedure applicable to cases under the Bankruptcy Code.  *See* Fed. R. Bankr. P. 9023.  Rule 59(e) authorizes the filing of a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e).  Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Management Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quoting *Wendy's Int'l, Inc. v. Nu–Cape Construction, Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996)).  The burden rests with the movant. *See In re Crozier Bros., Inc.*, 60 B.R. 683, 688 (Bankr. S.D.N.Y. 1986).  The standard for granting a motion to alter or amend a judgment under Federal Rule 59(e) is "strict, and reconsideration will generally be denied. . . ." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)).  "A motion to amend the judgment will be granted only if the movant presents matters or controlling decisions which the court overlooked that might have materially influenced its earlier decision." *In Design v. Lauren Knitwear Corp.*, 1992 U.S. Dist. LEXIS 2203, at *3 (S.D.N.Y. Feb. 24, 1992) (citing *Morser v. AT & T Information Systems,* 715 F. Supp. 516, 517 (S.D.N.Y.

4

1989); *Travelers Insurance Co. v. Buffalo Reinsurance Co.,* 739 F. Supp. 209, 211 (S.D.N.Y. 1990)).

A motion under Rule 59(e) "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Kim v. Bryant*, 2021 U.S. Dist. LEXIS 165018, at *2 (S.D.N.Y. Aug. 27, 2021) (quoting *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000)). Such a request for relief "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Tonga Partners,* 684 F.3d at 52 (quoting *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998)). Nor is it "an opportunity for a party to 'plug[ ] the gaps of a lost motion with additional matters.'" *Cruz v. Barnhart*, 2006 U.S. Dist. LEXIS 8368, at *4 (S.D.N.Y. Mar. 7, 2006) (quoting *Carolco Pictures Inc. v. Sirota,* 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). "Arguments raised for the first time on a motion for reconsideration are therefore untimely." *Cruz*, 2006 U.S. Dist. LEXIS 8368, at *4 (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Stroh Cos., Inc.,* 265 F.3d 97, 115–16 (2d Cir. 2001)). "[I]t is improper for the movant to present new material 'because[,] by definition[,] material that has not been previously presented cannot have been previously 'overlooked' by the court.'" *In Design*, 1992 U.S. Dist. LEXIS 2203, at *3 (quoting *Consolidated Gold Fields, PLC v. Anglo Am. Corp. of South Africa Ltd.,* 713 F. Supp. 1457, 1476 (S.D.N.Y. 1989)).

Mr. Meadows has not met the burden necessary for reconsideration of either the Estimation Order or the Court's underlying Estimation Decision. Mr. Meadows argues that the Estimation Order is "neither in accordance with the Code nor SDNY practices and precedent, for it fails to provide sufficient evidence that the estimate is reasonable, and completely ignores the

5

very real probability that Meadows Appeal(s) will prevail on the merits. . . ." Reconsideration Motion at 5; *see also id*. at 18-19. But the Estimation Decision addresses both issues. *See In re AMR*, 2001 Bankr. LEXIS 1867, at *19–27. The Reconsideration Motion raises neither matters nor controlling decisions that the Court overlooked that would have materially influenced the Reconsideration Decision, and it is therefore denied.

    Mr. Meadows states that he was denied the right to put on expert and witness testimony at the hearing. *See* Estimation Motion at 5. But Mr. Meadows had previously submitted a description of the witness testimony that he intended to provide and was permitted to make a proffer of that testimony at the hearing, all of which was considered by the Court. *See Notice of: Notice of Creditor Lawrence M. Meadows Witness List for Evidentiary Hearing on June 7th, 2021 at 11:00 a.m.* [ECF No. 13330]; Estimation Hearing Tr. 36:20-39:8; *see also Notice of Service: Notice to Compel Witness Testimony of Brian Ostrom During U.S. Bankruptcy Court Evidentiary Hearing on June 7th, 2021 at 11:00 a.m.* [ECF No. 13330]; *Notice of Service: Notice to Compel Witness Testimony of Herman J. Straub During U.S. Bankruptcy Court Evidentiary Hearing on June 7th, 2021 at 11:00 a.m.* [ECF No. 13330]; *Notice of Service: Notice to Compel Witness Testimony of Edward Sicher During U.S. Bankruptcy Court Evidentiary Hearing on June 7th, 2021 at 11:00 a.m.* [ECF No. 13330]. In addition to this proffer and the Court hearing extensively from Mr. Meadows himself, the Court also heard from Mr. Straub during the hearing on the Estimation Motion. *See* Estimation Hearing Tr. 63:5-67:8. Moreover, as noted by the Court at the hearing, the merits of the Consent Decree are not directly at issue in the Estimation Motion; this Court's approval of the Consent Decree is already on appeal, and that record on appeal already includes Mr. Meadows' arguments about the merits of the Consent Decree. *See Statement of Issues on Appeal and Designation of Items to be Included*

*in the Record of Lawrence M. Meadows* [ECF No. 12923]; *Debtors' Statement of Issue Presented on Appeal and Counterdesignation of Additional Items to be Included in Record on Appeal* [ECF No. 12929].

### B. Stay Pending Appeal

The Stay Motion requests a stay of 14 days to allow for the filing of further pleadings, while the Reconsideration Motion requests a stay pending appeal. A party seeking a stay pending appeal must show that (1) it would sustain irreparable injury if a stay were denied; (2) other parties would not suffer a substantial injury if a stay were granted; (3) the public interest favors a stay; and (4) there is a substantial possibility of success on the merits of the appeal. *See Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 39 (2d Cir. 1992); *In re Adelphia Communs. Corp.*, 333 B.R. 649, 658-59 (S.D.N.Y. 2005). The moving party faces a heavy burden. *See Adelphia*, 333 B.R. at 659; *see also United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995). To obtain a stay, the party must "show satisfactory evidence on all four criteria." *In re Turner*, 207 B.R. 373, 375 (2d Cir. B.A.P. 1997); *see also Adelphia*, 333 B.R. at 659. In the past, courts have held that "[f]ailure to satisfy one prong of this standard for granting a stay will doom the motion." *In re Turner*, 207 B.R. at 375; *ePlus, Inc. v. Katz (In re Metiom, Inc.)*, 318 B.R. 263, 271 (S.D.N.Y. 2004). However, recent cases have "engaged in a balancing process with respect to the four factors, as opposed to adopting a rigid rule." *In re Chemtura Corp.*, 2010 Bankr. LEXIS 3988 (Bankr. S.D.N.Y. Nov. 8, 2010). The decision of whether to grant the stay lies in the discretion of the court. *See In re Overmyer*, 53 B.R. 952, 955 (Bankr. S.D.N.Y. 1985).

The Court finds that the balance of the factors weigh against granting a stay pending appeal. To start, the Court does not find that Mr. Meadows would sustain irreparable injury if

7

his request for a stay is denied. "A showing of probable irreparable harm is the principal prerequisite for the issuance of a stay . . . and such harm must be neither remote nor speculative, but actual and imminent." *In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 681 (Bankr. S.D.N.Y. 2016) (internal citations and quotations omitted). Mr. Meadows has failed to make such a showing. As noted in the Estimation Decision, Mr. Meadows does not have any pending claims in these bankruptcy cases; all proofs of claim that he previously filed have been disallowed by this Court. *See In re AMR*, 2021 Bankr. LEXIS 1867, at *16-17.[3] Moreover, the Reorganized Debtors previously acknowledged that pilots may participate under the terms of the settlement between the Reorganized Debtors and the EEOC. *See id.* at *25-27. Nor does approval of the Estimation Motion deprive Mr. Meadows of any rights that he may have with the EEOC for any alleged ongoing discrimination. *See id*. at *19 n.8.

But other parties would suffer a substantial injury if a stay were granted. As noted in the Estimation Decision, three years of delay necessitated by the appeals of Mr. Meadows have prevented further distributions in the Reorganized Debtors' bankruptcy proceeding given the need to hold monies in reserve for an EEOC claim that would otherwise be undetermined in amount, absent the settlement. *See In re AMR*, 2021 Bankr. LEXIS 1867, at *7-8. Numerous parties have informed the Court that they have been waiting for this distribution to take place. *See In re AMR*, 2021 Bankr. LEXIS 1867, at *14-15.[4] Moreover, the EEOC claim subject to

---

[3] Not only have Mr. Meadows' claims been disallowed, but this Court was forced to take the extraordinary step of issuing an order to enforce the discharge injunction under the Reorganized Debtors' plan against Mr. Meadows and to direct Mr. Meadows to withdraw various pending actions that violated that discharge injunction; the same order enjoined him from filing additional litigation against American related to the termination of his employment with American and his long-term disability benefits. This order was affirmed by both the District Court for the Southern District of New York and the United States Court of Appeals for the Second Circuit. *See In re AMR Corp.,* 2016 WL 1559294 (Bankr. S.D.N.Y. April 14, 2016)*; aff'd sub nom., Meadows v. AMR Corp. (In re AMR Corp.)*, 764 F. App'x 88, 89 (2d Cir. 2019).

[4] Mr. Meadows also objects to the consideration of Mr. Fu's letter in the Estimation Decision, arguing that it was extrinsic evidence submitted by a non-party. *See* Reconsideration Motion at 4. But the Court is permitted to take judicial notice of public filings on its own docket in a bankruptcy case. *See* Fed. R. Evid. 201; *Teamsters Nat'l*

8

estimation is among the few that remain to be resolved before the Reorganized Debtors can close out these bankruptcy cases.  *See id.* at *8; *see also In re Sabine*, 548 B.R. at 683 (in denying a stay pending appeal, noting that "the Debtors' ability to prosecute a plan and emerge from bankruptcy would be completely constrained and the Debtors would be forced to incur the expense and bear the uncertainty of maintaining their chapter 11 cases while waiting in appellate limbo.").  Estimating the EEOC claim puts the Reorganized Debtors in a position to make distributions to creditors and close out the bankruptcy cases, which would result in a significant savings on future U.S. Trustee fees.  *See id.*; *see also In re Sabine*, 548 B.R. at 683 ("[C]ourts have recognized numerous harms resulting from the postponement of reorganization proceedings, including . . . incurrence of administrative and professional expenses; . . . placing plan settlements in jeopardy; and . . . exposing the equity to be granted to non-moving creditors to market volatility and other risks.") (citing *In re Tribune Co.*, 477 B.R. 465, 478-80 (Bankr. D. Del. 2012); *ACC Bondholder Grp. V. Adelphia Communs. Corp. (In re Adelphia Communs. Corp.*, 361 B.R. 337, 354 (S.D.N.Y. 2007)).

The public interest also does not favor a stay of the Estimation Order in these circumstances.  "The public interest favors compliance with court orders and timely resolution of litigation."  *In re Brown*, 2020 Bankr. LEXIS 1537, at *30 (Bankr. S.D.N.Y. June 10, 2020).  As noted in the Estimation Decision, claims estimation is meant to provide "a means for a

---

*Freight Indus. Negotiating Comm. et al. v. Howard's Express, Inc. (In re Howard's Express, Inc.)*, 151 F. Appx. 46, 48 (2d Cir. 2005) (stating that courts are empowered to take judicial notice of public filings, including a court's docket); *American Tissue, Inc. v. Donaldson, Lufkin & Jenrette Securities Corp.,* 351 F. Supp. 2d 79, 95 n. 17 (S.D.N.Y. 2004) ("The Court can take judicial notice of matters of public record . . . including filings in related lawsuits. . . .") (citing *Rothman v. Gregor,* 220 F.3d 81, 92 (2d Cir. 2000)); *Katzenstein v. VII SV5556 Lender, LLC (In re St. Vincent's Catholic Medical Centers of New York),* 440 B.R. 587, 599 (Bankr. S.D.N.Y. 2010).

   In any case, Mr. Fu's letter (along with letters filed by other creditors) had a direct bearing on the issue of delay in distributions from the Reorganized Debtors' estate, which was a consideration in the Court's approval of the Estimation Motion.  *See In re AMR*, 2021 Bankr. LEXIS 1867, at *14-15.

9

bankruptcy court to achieve reorganization, and/or distributions on claims, without awaiting the results of legal proceedings that could take a very long time to determine." *In re Adelphia Bus. Sols., Inc.*, 341 B.R. 415, 422 (Bankr. S.D.N.Y. 2003); *see also In re Continental Airlines, Inc.*, 981 F.2d 1450, 1461 (5th Cir. 1993) (noting that two purposes of Section 502(c)(1) are to "avoid the need to await the resolution of outside lawsuits to determine issues of liability or amount owed by means of anticipating and estimating the likely outcome of these actions," and to "promote a fair distribution to creditors through a realistic assessment of uncertain claims"). "Estimation is effective . . for enabling bankruptcy cases, and chapter 11 cases in particular, to move forward and to get recoveries into the pockets of creditors without delaying the whole process as a consequence of a limited number of very complex claims." *In re Adelphia*, 341 B.R. at 423. Granting a stay pending appeal now will prolong the same delay that granting the Estimation Motion was meant to avoid. *See In re AMR*, 2001 Bankr. LEXIS 1867, at *17 (noting that Mr. Meadows has one appeal pending and that his papers discuss the possibility of a second appeal; thus without the relief requested in the Estimation Motion, distributions in the Reorganized Debtors' cases would be delayed for a significant amount of time into the future); *see also In re Sabine*, 548 B.R. at 685 (finding that "the goals of promoting the restructuring of the Debtors' obligations, the preservation of the Debtors' business, and the Debtors' emergence from chapter 11 are issues of significant public interest that are best met by denying the stay requested here.") (internal citations omitted).

Nor is there a substantial possibility of success on the merits of an appeal. "The 'substantial possibility of success' test is considered an intermediate level between 'possible' and 'probable' and is 'intended to eliminate frivolous appeals.'" *In re Sabine*, 548 B.R. at 683-84 (quoting *In re 473 West End Realty Corp.*, 507 B.R. 496, 501 (Bankr. S.D.N.Y. 2014)). This

10

Court's Reconsideration Decision thoroughly analyzed the probability of success of Mr. Meadows' pending appeal in the United States District Court for the Southern District of New York, *see In re AMR*, 2021 Bankr. LEXIS 1867, at *20-26, and for those same reasons the Court believes that there is not a substantial possibility of success on the merits for an appeal of the Reconsideration Order.

As for the Stay Motion, Mr. Meadows requests additional time to file further pleadings, asserting that his right to due process has been denied because he was not served with a copy of the Estimation Order. *See* Reconsideration Motion at 2, 15-17. The Estimation Order was entered on September 8, 2021, and the Court notes that Mr. Meadows had actual notice of the Estimation Order by no later than September 16, 2021, the date that the Stay Motion was dated. *See* Stay Motion at 2 (stating that Mr. Meadows had reviewed the docket via amrcaseinfo.com and learned that the Court had entered the Estimation Order). Indeed, Mr. Meadows was able to file both the Stay Motion and the Reconsideration Motion within 14 days of entry of the Estimation Order.

Bankruptcy Rule 9022(a) provides that "[l]ack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002." Fed. R. Bankr. P. 9022. Thus, "while notice is often provided for the convenience of the litigants, lack of notice of the entry of the order appealed from does not affect the time to appeal. *In re Spiegel, Inc.*, 2007 Bankr. LEXIS 1279, at *11 (Bankr. S.D.N.Y. Apr. 4, 2007), *aff'd*, 385 B.R. 35 (S.D.N.Y. 2008) (citing *Twins Roller Corp. v. Roxy Roller Rink Joint Venture,* 70 B.R. 308, 311 (S.D.N.Y. 1987); *Hirsch v. London S.S. Owners' Mut. Ins. Ass'n (In re Seatrain Lines )*, 184 B.R. 660, 662 (Bankr. S.D.N.Y. 1995)). "[T]o ensure timely appeal, a party must monitor the docket for the entry of an order it wishes to

11

appeal. *Id.* (citing *Miyao v. Kuntz (In re Sweet Transfer & Storage, Inc.)*, 896 F.2d 1189, 1193 (9th Cir. 1990)). "As a party has this independent duty, 'a third party's failure to inform a party of entry of final judgment is not grounds for excusable neglect.'" *Id.* (citing *In re Hess,* 209 B.R. at 82; *In re Seatrain Lines, Inc.,* 184 B.R. at 662). But in any event, Mr. Meadows' time to appeal the Estimation Order was automatically tolled by his timely filing of the Reconsideration Motion. *See* Fed. R. Bankr. P. 8002(b)(1).[5] Mr. Meadows therefore has the time period permitted by Bankruptcy Rule 8002(b)(1) to file any appeal of the Estimation Order, making a temporary stay of that Order unnecessary.

## CONCLUSION

For the reasons set forth above, the Reconsideration Motion and the Stay Motion are denied. The Debtors shall serve a copy of this Memorandum of Decision and Order on Mr. Meadows by overnight mail and file proof of such service on the Case Management/Electronic Case Filing Docket. Additionally, the Court requests that all future service by the Reorganized Debtors upon Mr. Meadows in these bankruptcy cases be made by overnight mail.

**IT IS SO ORDERED.**

Date:  New York, New York
       October 28, 2021

                                        */s/ Sean H. Lane*
                                        UNITED STATES BANKRUPTCY JUDGE

---

[5]    Fed. R. Bankr. P. 8002(b)(1) provides in relevant part:

> If a party files in the bankruptcy court any of the following motions and does so within the time allowed by these rules, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion . . . (C) to alter or amend the judgement under Rule 9023. . . ."

Fed. R. Bankr. P. 8002(b)(1)(C).

**COPIES TO:**

<u>By U.S. Mail</u>:

Lawrence M. Meadows
P.O. Box 4344
Park City, UT 84060

<u>By Electronic Mail</u>:

lawrencemeadows@yahoo.com