**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

In re:

AMR CORPORATION, *et al.*,

                            Reorganized Debtors.

-------------------------------------------------------------x

Chapter 11

Case No. 11-15463 (SHL)

Confirmed

## MEMORANDUM OF DECISION AND ORDER

      Before the Court is a motion filed *pro se* by Lawrence M. Meadows in the above-captioned cases of American Airlines, Inc. ("American") and its related debtor entities (collectively, the "Reorganized Debtors"). *See Creditor Lawrence M. Meadows' Motion for Reconsideration Filed Pursuant to Fed. R. Bnkr. [sic] P. Rule 9023, Seeking a New Trial or to Amend Judgement of Court's Oder Signed on 11/29/2021, (I) Authorizing (A) Release of Excess Reserve Funds from Disputed Claims Reserve and (B) Reimbursement of Prepetition Claim; (II) Closing the Chapter 11 Case; and (III) Granting Related Relief; and Motion to Stay any Final Distribution or Final Decree Closing These Proceedings, Pending Full Resolution of This Motion and Any Associated Appeals* [ECF No. 13416] (the "Reconsideration Motion").

      The Reconsideration Motion seeks: 1) reconsideration of this Court's *Order (I) Authorizing (A) Release of Excess Reserve Funds Held in Disputed Claims Reserve and (B) Reimbursement of Prepetition Claim; (II) Closing the Chapter 11 Case; and (III) Granting Related Relief* [ECF No. 13408] (the "Case Closing Order"), and 2) a stay of any final distribution or final decree in the Reorganized Debtors' cases pending appeal. For the reasons set forth below, the relief requested in the Reconsideration Motion is denied.

      Familiarity with the underlying facts of this matter is presumed. In addition to the Case Closing Order, the relevant background also includes: 1) this Court's *Memorandum of Decision*,

dated July 14, 2021 [ECF No. 13346] (the "Estimation Decision"), that granted the Reorganized Debtors' request to estimate the proof of claim filed by the U.S. Equal Employment Opportunity Commission in these bankruptcy cases, and 2) this Court's *Memorandum of Decision and Order*, dated October 28, 2021 [ECF No. 13385] (the "Reconsideration Decision"), that denied Mr. Meadows' request for reconsideration of the Estimation Decision. *See In re AMR Corp.*, 2021 Bankr. LEXIS 1867 (Bankr. S.D.N.Y. Jul. 14, 2021); *In re AMR Corp.*, 2021 Bankr. LEXIS 2978 (Bankr. S.D.N.Y. Oct. 28, 2021).[1]

### A. Reconsideration

The Reconsideration Motion seeks relief under Rule 9023 of the Federal Rules of Bankruptcy Procedure, which makes Rule 59(e) of the Federal Rules of Civil Procedure applicable to cases under the Bankruptcy Code. *See* Fed. R. Bankr. P. 9023. Rule 59(e) authorizes the filing of a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Management Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quoting *Wendy's Int'l, Inc. v. Nu–Cape Construction, Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996)). The burden rests with the movant. *See In re Crozier Bros., Inc.*, 60 B.R. 683, 688 (Bankr. S.D.N.Y. 1986). The standard for granting a motion to alter or amend a judgment under Federal Rule 59(e) is "strict, and reconsideration will generally be denied. . . ." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.

---

[1] This Court has issued an extensive number of prior opinions addressing issues related to Mr. Meadows. *See, e.g., Meadows v. AMR Corp. (In re AMR Corp.)*, 764 Fed. App'x 88 (2d Cir. 2019): *Meadows v. AMR Corp. (In re AMR Corp.)*, 662 Fed. App'x 77 (2d Cir. 2016); *Meadows v. AMR Corp.*, 539 B.R. 246 (S.D.N.Y. 2015); *In re AMR Corp.*, 2015 U.S. Dist. LEXIS 92060 (S.D.N.Y. Jul. 14, 2015); *In re AMR Corp.*, 2016 Bankr. LEXIS 1666 (Bankr. S.D.N.Y. Apr. 14, 2016); *In re AMR Corp.*, 2014 Bankr. LEXIS 4314 (Bankr. S.D.N.Y. Oct 9, 2014).

1995)).  "A motion to amend the judgment will be granted only if the movant presents matters or controlling decisions which the court overlooked that might have materially influenced its earlier decision."  *In Design v. Lauren Knitwear Corp.*, 1992 U.S. Dist. LEXIS 2203, at *3 (S.D.N.Y. Feb. 24, 1992) (citing *Morser v. AT & T Information Systems*, 715 F. Supp. 516, 517 (S.D.N.Y. 1989); *Travelers Insurance Co. v. Buffalo Reinsurance Co.*, 739 F. Supp. 209, 211 (S.D.N.Y. 1990)).

A motion under Rule 59(e) "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court."  *Kim v. Bryant*, 2021 U.S. Dist. LEXIS 165018, at *2 (S.D.N.Y. Aug. 27, 2021) (quoting *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000)).  Such a request for relief "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  *Tonga Partners*, 684 F.3d at 52 (quoting *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998)).  Nor is it "an opportunity for a party to 'plug[ ] the gaps of a lost motion with additional matters.'"  *Cruz v. Barnhart*, 2006 U.S. Dist. LEXIS 8368, at *4 (S.D.N.Y. Mar. 7, 2006) (quoting *Carolco Pictures Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)).  "Arguments raised for the first time on a motion for reconsideration are therefore untimely."  *Cruz*, 2006 U.S. Dist. LEXIS 8368, at *4 (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Stroh Cos., Inc.,* 265 F.3d 97, 115–16 (2d Cir. 2001)).  "[I]t is improper for the movant to present new material 'because[,] by definition[,] material that has not been previously presented cannot have been previously 'overlooked' by the court.'"  *In Design*, 1992 U.S. Dist. LEXIS 2203, at *3 (quoting *Consolidated Gold Fields, PLC v. Anglo Am. Corp. of South Africa Ltd.,* 713 F. Supp. 1457, 1476 (S.D.N.Y. 1989)).

3

In seeking reconsideration of the Court's decision to close these bankruptcy cases after a decade of litigation, Mr. Meadows argues that the Reorganized Debtors' estate has not been fully administered given that he still has appeals pending of various prior orders of this Court. These orders all relate to Mr. Meadows' longstanding objection to the Consent Decree[2] reached between the Reorganized Debtors and the Equal Employment Opportunity Commission (the "EEOC"). The Consent Decree settled litigation originating in the District Court in Arizona where the EEOC had alleged improper treatment of various classes of the Reorganized Debtors' employees. The Court overruled Mr. Meadows' objection to approval of the Consent Decree and Mr. Meadows appealed. Because the Consent Decree was not effective until it was the subject of a final, nonappealable order, the Court subsequently approved the Reorganized Debtors' request for estimation of the EEOC's claim in accordance with the terms of the Consent Decree. Mr. Meadows objected to estimation of the EEOC's claim, but the Court again overruled his objection and subsequently denied Mr. Meadows' request to reconsider the Court's approval. Mr. Meadows subsequently opposed the closing of the case based on his issues with the Consent Decree but the Court overruled his objections and entered the Case Closing Order. In what appears to be a fifth bite of the apple, Mr. Meadows now seeks reconsideration claiming that the Case Closing Order was entered prematurely and that the case should not be closed until final resolution of all of his appeals relating to the Consent Decree. Mr. Meadows argues that if his appeals are successful, there will be a materially adverse impact on the funds held for distribution by the Reorganized Debtors.

This Court has issued numerous decisions relating to Mr. Meadows' challenge to the Consent Decree, including the Estimation Decision and the Reconsideration Decision. *See*

---

[2] Undefined terms have the meaning ascribed to them in the Estimation Decision.

generally *In re AMR Corp.*, 2021 Bankr. LEXIS 1867 (Bankr. S.D.N.Y. Jul. 14, 2021); *In re AMR Corp.*, 2021 Bankr. LEXIS 2978 (Bankr. S.D.N.Y. Oct. 28, 2021). Mr. Meadows' current Reconsideration Motion raises neither new matters nor controlling decisions that the Court overlooked that would have materially influenced its decision to approve the closing of this case. *See* Fed. R. Bankr. P. 3022 Advisory Comm. note (stating that entry of a final decree "should not be delayed solely because the payments required by the plan have not been completed" and a court "should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future. A final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the [Bankruptcy] Code."); *see also In re Gould*, 437 B.R. 34, 37-38 (Bankr. D. Conn. 2010) (quoting Fed. R. Bankr. P. 3022 ed. cmt.) (Bankruptcy Rule 3022 "was amended to set forth a flexible Rule to permit the court to determine that an estate is fully administered and should be closed even though payments or other activities involving the debtor and its creditors might continue . . . . As is evident by the Committee note, the Advisory Committee interprets 'fully administered' very loosely and encourages courts to use substantially more discretion in deciding whether to close a Chapter 11 case th[a]n Code § 350 and the Rule literally read.") Mr. Meadows has not met the burden necessary for reconsideration of Case Closing Order and the Reconsideration Motion is therefore denied.

Mr. Meadows also argues that the Case Closing Order permits a distribution to American's unionized employees that is contrary to the labor allocation mechanism contained in the Reorganized Debtors' plan of reorganization. But Mr. Meadows has no pending claims as a creditor in the Reorganized Debtors' bankruptcy cases. As he is not impacted by the proposed

5

distribution to the unionized employees, he has no standing to pursue the issue.[3]  To the extent that Mr. Meadows might have standing as an employee covered by the Consent Decree, his claim fails on the merits.  There is nothing in the record to suggest that the Case Closing Order—or any of the distributions under it—will in any way have a material impact on the individuals covered under the Consent Decree.

### B. Stay Pending Appeal

The Stay Motion requests a stay of the Case Closing Order while his various appeals are resolved.  A party seeking a stay pending appeal must show that (1) it would sustain irreparable injury if a stay were denied; (2) other parties would not suffer a substantial injury if a stay were granted; (3) the public interest favors a stay; and (4) there is a substantial possibility of success on the merits of the appeal.  *See Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 39 (2d Cir. 1992); *In re Adelphia Communs. Corp.*, 333 B.R. 649, 658-59 (S.D.N.Y. 2005).  The moving party faces a heavy burden.  *See Adelphia*, 333 B.R. at 659; *see also United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995).  To obtain a stay, the party must "show satisfactory evidence on all four criteria."  *In re Turner*, 207 B.R. 373, 375 (2d Cir. B.A.P. 1997); *see also Adelphia*, 333 B.R. at 659.  In the past, courts have held that "[f]ailure to satisfy one prong of this standard for granting a stay will doom the motion." *In re Turner*, 207

---

[3]   Section 1109(b) of the Bankruptcy Code provides that a party in interest "may raise and may appear and be heard on any issue in a case under this chapter."  11 U.S.C. § 1109(b).  The term "party in interest" includes "the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee."  *Id*.  "[W]hen interpreting the meaning of Code terms such as 'party in interest', [courts] are governed by the Code's purposes."  *Krys v. Official Comm. of Unsecured Creditors (In re Refco Inc.)*, 505 F.3d 109, 116-17 (2d Cir. 2007) (internal citations and quotations omitted).  "One of those purposes is to convert the bankrupt's estate into cash and distribute it among creditors."  *Id*.  "Bankruptcy courts . . . were established to provide a forum where creditors and debtors could settle their disputes and thereby effectuate the objectives of the statute."  *Id*.  While the term "party in interest" is not defined by the Bankruptcy Code, a "'real party in interest' is the one who . . . has the legal right which is sought to be enforced or is the party entitled to bring suit. . . ."  *Id*. at 117.  Courts have found it is "incompatible with the purposes of the Code . . . that any particular creditor's interest may be asserted by anyone other than that creditor."  *Id*.

B.R. at 375; *ePlus, Inc. v. Katz (In re Metiom, Inc.)*, 318 B.R. 263, 271 (S.D.N.Y. 2004). However, recent cases have "engaged in a balancing process with respect to the four factors, as opposed to adopting a rigid rule." *In re Chemtura Corp.*, 2010 Bankr. LEXIS 3988 (Bankr. S.D.N.Y. Nov. 8, 2010). The decision of whether to grant the stay lies in the discretion of the court. *See In re Overmyer*, 53 B.R. 952, 955 (Bankr. S.D.N.Y. 1985).

The Court finds that the balance of the factors weighs against granting a stay pending appeal for all the reasons stated in the Court's prior Reconsideration Decision. *See In re AMR*, 2021 Bankr. LEXIS 2978, at *9-15 (reviewing factors and denying Mr. Meadows' request for stay pending appeal). The Court specifically notes that Mr. Meadows does not have any pending claims in these bankruptcy cases, as all of his proofs of claim previously have been disallowed by this Court. *See In re AMR*, 2021 Bankr. LEXIS 1867, at *16-17. To the extent that Mr. Meadows relies upon the Consent Decree as a basis for his requested relief, that reliance is misplaced. Enforcement of any rights that Mr. Meadows may have with the EEOC as to the Consent Decree—or for any alleged ongoing discrimination—rests with the EEOC and the Arizona District Court where the underlying EEOC action was filed and ultimately settled. *See id.* at *19 n.8.

The Court finally notes that the continuing blitz of litigation filed by Mr. Meadows in these cases has become a burden upon the Court's judicial resources. Not only have Mr. Meadows' proofs of claim been fully adjudicated, but this Court has been involved in numerous other litigations brought by Mr. Meadows. Indeed, this Court was forced to take the extraordinary step of issuing an order to enforce the discharge injunction under the Reorganized Debtors' plan against Mr. Meadows and to direct Mr. Meadows to withdraw various pending actions that violated that discharge injunction; that same order enjoined him from filing

7

additional litigation against American related to the termination of his employment with American and his long-term disability benefits. That order was affirmed by both the District Court for the Southern District of New York and the United States Court of Appeals for the Second Circuit. *See In re AMR Corp.*, 2016 WL 1559294 (Bankr. S.D.N.Y. April 14, 2016); *aff'd sub nom.*, *Meadows v. AMR Corp. (In re AMR Corp.)*, 764 F. App'x 88, 89 (2d Cir. 2019). To the extent that Mr. Meadows continues to file non-meritorious pleadings in the Reorganized Debtors' bankruptcy cases, Mr. Meadows opens himself up to the possibility of sanctions, including, but not limited to, a bar on future filings in the Reorganized Debtors' bankruptcy cases and/or payment of the Reorganized Debtors' attorney's fees incurred in response to his filings.

## CONCLUSION

For the reasons set forth above, the Reconsideration Motion is denied. The Debtors shall serve a copy of this Memorandum of Decision and Order on Mr. Meadows by overnight mail and file proof of such service on the Case Management/Electronic Case Filing Docket.

**IT IS SO ORDERED.**

Date:   New York, New York
        February 7, 2022

                                                    */s/ Sean H. Lane*
                                                    UNITED STATES BANKRUPTCY JUDGE

**COPIES TO:**

By U.S. Mail:

Lawrence M. Meadows
*Pro Se*
P.O. Box 4344
Park City, UT 84060

8

Alfredo R. Perez, Esq.
*Counsel to the Reorganized Debtors*
Weil, Gotshal & Manges LLP
700 Louisiana Street, Suite 1700
Houston, TX 77002

Lawrence H. Fogelman, Esq.
*Counsel to the EEOC*
Office of the United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007

By Electronic Mail:

lawrencemeadows@yahoo.com

alfredo.perez@weil.com

Lawrence.Fogelman@usdoj.gov